BOARD OF EDUCATION OF THE CITY OF WATERBURY *v.* WATERBURY TEACHERS' ASSOCIATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued October 13—decision released December 27, 1977

*Kevin T. Nixon,* with whom was *Martin A. Gould,* for the appellant (defendant).

*John F. Phelan,* with whom was *William J. Sullivan,* for the appellee (plaintiff).

BOGDANSKI, J.   On January 28, 1974, the Waterbury Teachers' Association filed a grievance against the Waterbury Board of Education.   From a denial of that grievance, the parties took the matter to arbitration in accordance with a collective bargaining agreement existing between them.

For the arbitration, the parties agreed on the following submission.   Statement of Grievance: The board violated certain provisions of the agreement including article XX, § 11, which provides for a daily service for the distribution, pickup and delivery of all interschool material and other mail from the boxes at the central office.   Action Requested:   Damages to the association in the amount of $10,000 for the board's failure to maintain the contract and for causing the association to expend monies and time unnecessarily to force the board to live up to its commitments.

On October 31, 1974, the arbitrator found that the board had failed to comply with the provisions of the agreement as enumerated in the submission and directed the board "to take whatever steps are necessary to come into compliance forthwith with . . . the aforementioned provisions with respect to which it may be still in violation."   The board was "further directed to review with and pay to the *Association, on behalf of* and for the *account of* those of its *members* who have sustained any monetary loss by reason of the aforesaid breaches of the agreement, the amounts of such losses."   (Emphasis

added.) The arbitrator, however, retained jurisdiction and "in the event the parties are unable to reach agreement on the amount of damages payable under the terms of this award the matter may be referred to him for final disposition."

On December 10, 1974, the association applied to the Superior Court to confirm the above award. On December 19, 1974, the application to confirm the award was granted by stipulation of the parties. Thereafter, the parties attempted to agree on the amount of damages without success. Pursuant to the October 31, 1974 award, additional arbitration sessions with the parties participating were conducted by the arbitrator on January 24 and March 31, 1975.

On July 1, 1975, the arbitrator issued the following award: "The Board is directed to pay the sum of $9838.37 to the Association, on behalf of and for the account of the administrators who sustained damages by reason of the Board's failure to comply with Article XX, Section 11, for the period between January 1, 1974, and February 24, 1975." Thereafter, the board moved to vacate the award claiming that the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award was not made. The association, in turn, applied to the court for confirmation of the award of July 1, 1975.

After a hearing, the trial court ordered the award vacated for the following reasons: The arbitrator (1) did not follow the submission, (2) did not apply the legal rule of damages, (3) did not properly apply his own legal principles, and (4) did not pay heed to the agreement. From the judgment rendered, the association appealed to this court

assigning error in the court's conclusions and in the overruling of its claims of law. The association contends that the award was in conformity with the submission and that the arbitrator need not decide this matter pursuant to law.

It should be noted at the outset that the record on appeal consists of the following: (1) application to vacate award; (2) award of the arbitrator dated October 31, 1974; (3) award of the arbitrator dated July 1, 1975; (4) supplemental opinion; (5) motion to confirm arbitrator's award; and (6) memorandum of decision. In the context of the claims raised, where no evidence was heard by the court, the existing record provides an adequate basis for review.[1] *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 134, 376 A.2d 1105; *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1.

"Courts favor arbitration as a means of settling differences and arbitration awards are generally upheld except where an award clearly falls within the proscriptions of § 52-418[2] of the General Statutes. *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 653, 201 A.2d 656; *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145

[1] It should also be noted that the trial court was unaware of the stipulation to confirm the award of October 31, 1974, until noted in the draft finding, and that the court was not asked to take judicial notice of it either in oral argument or in the brief of either party. That unfortunate omission on the part of the parties resulted in a record before the trial court which was incomplete in a major respect.

[2] "[General Statutes] Sec. 52-418. VACATING AWARD. In any of the following cases the superior court for the county in which one of the parties resides or, in a controversy concerning land, for the county in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award

Conn. 285, 288, 141 A.2d 479." *Board of Education*
v. *Bridgeport Education Assn.*, 173 Conn. 287, 290,
377 A.2d 323.

Arbitration is a creature of contract and the par-
ties themselves, by the agreement of submission,
define the powers of the arbitrator. *Connecticut
Union of Telephone Workers, Inc.* v. *Southern New
England Telephone Co.*, 148 Conn. 192, 197, 169
A.2d 646; *Niles-Bement-Pond Co.* v. *Amalgamated
Local 405*, 140 Conn. 32, 36, 97 A.2d 898. As the
parties set the limits on the arbitrator's powers,
they are bound by the limits they have fixed.
*Connecticut Union of Telephone Workers, Inc.* v.
*Southern New England Telephone Co.*, supra. Thus,
in deciding whether arbitrators have "exceeded
their powers," as that phrase is used in § 52-418 (d),
courts need only examine the submission and the
award to determine whether the award conforms to
the submission. *Board of Education* v. *Bridgeport
Education Assn.*, supra, 291; *Norwich Roman
Catholic Diocesan Corporation* v. *Southern New
England Contracting Co.*, 164 Conn. 472, 477, 325
A.2d 274.

An examination of the submission as to damages
as directed by the arbitrator on October 31, 1974,

upon the application of any party to the arbitration: (a) If the
award has been procured by corruption, fraud or undue means; (b)
if there has been evident partiality or corruption on the part of the
arbitrators or either of them; (c) if the arbitrators have been guilty
of misconduct in refusing to postpone the hearing upon sufficient
cause shown or in refusing to hear evidence pertinent and material
to the controversy or of any other action by which the rights of any
party have been prejudiced; (d) if the arbitrators have exceeded
their powers or so imperfectly executed them that a mutual, final
and definite award upon the subject matter submitted was not made.
If an award is vacated and the time within which the award is
required to be rendered has not expired, the court or judge may direct
a rehearing by the arbitrators."

and as agreed upon by the parties in their stipulation to the court on December 19, 1974, reveals that the parties gave the arbitrator broad powers to settle a dispute which the parties had been unable to resolve themselves. Specifically, it gave the arbitrator the power to determine the damages due the association on behalf of and for the account of those of its members who had sustained any monetary loss by reason of the aforesaid breaches of agreement up to the amount of $10,000. By stipulating to that unlimited submission, the board authorized the arbitrator to exercise his own judgment and discretion and to render an appropriate award of damages. See *Board of Education* v. *Bridgeport Education Assn.,* supra, 293.

While the underlying agreement prohibits the arbitrator from usurping the function of the board, there is nothing to prohibit the board from delegating to the arbitrator the power to determine damages as stipulated. Furthermore, no restriction as to the application of any particular law was placed upon the arbitrator.

Moreover, the record fails to reveal that the board ever objected to arbitrating the matters as stipulated, or that it challenged the right of the association to receive the damages as sought. Not only did the board not object to the October 31, 1974 award which specifically stated that the damages were to be paid "to the Association, on behalf of and for the account of those of its members who have sustained any monetary loss," it thereafter participated in two arbitration sessions devoted to that issue of damages.

The plaintiff cannot now complain that the arbitrator exceeded his power when it agreed to and

voluntarily participated in the very questions submitted to and decided by the arbitrator. *Board of Education* v. *Bridgeport Education Assn.,* supra; *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* supra, 289. We conclude that the award of July 1, 1975, was clearly within the terms of the stipulated submission.

There is error, the judgment is set aside and the case is remanded with direction to render judgment denying the plaintiff's application, and to render judgment on the defendant's motion confirming the award.

In this opinion the other judges concurred.