### RAMOS IRON WORKS, INC. *v.* FRANKLIN CONSTRUCTION COMPANY, INC.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

584

Argued January 4—decision released April 11, 1978

*Henry S. Marlor, Jr.,* with whom was *N. Warren Hess III,* for the appellant (plaintiff).

*Joseph H. Pellegrino,* with whom, on the brief, was *Bernard Pellegrino,* for the appellee (defendant).

HOUSE, C. J.   The plaintiff, Ramos, pursuant to the provisions of § 52-418 of the General Statutes, applied to the Superior Court to enter an order vacating an arbitration award, claiming that the arbitrators had exceeded their powers or so imperfectly executed them that a mutual, final and definite award was not made.   The defendant, Franklin, filed a cross application pursuant to the provisions of § 52-417 requesting an order confirming the award.   Following a hearing, the court denied the plaintiff's application to vacate and granted the defendant's application to confirm the award.   From that judgment, the plaintiff Ramos has appealed.

The court's finding, which is not subject to material correction, reveals the following: On November 7, 1973, in open court during proceedings seeking a prejudgment remedy in the form of replevin, the

parties agreed upon specific details for performance of certain provisions of an existing construction contract between them and also stipulated and agreed that "if following the completion of this job there are any differences concerning this job between the parties, they will have those differences resolved through arbitration." On March 3, 1975, Franklin addressed to Ramos and filed with the American Arbitration Association a "Demand for Arbitration." The demand contained the following recitation: "Nature of Dispute: Contractual Dispute. Claim of Relief Sought: Overpayment on Contract—$24,611. Claim for Delays—$150,000." Ramos subsequently filed with the arbitration association an answer denying the claims of Franklin and, in addition, filed a counterclaim which stated the following: "Nature of Dispute: Contractual Dispute. Claim of Relief Sought: Amount due on written contract plus extra work provided; damages for breach of written contract including costs of storage, rehandling and interest for unlawful detention of money. Amount Claimed: $35,000." On September 29, 1975, the arbitrators filed their unanimous award, awarding a total of $76,967.98 on the claims made by Franklin and $24,545.00 on the counterclaims of Ramos, resulting in a net sum awarded to Franklin "after consideration of claims and counterclaims," of $52,422.98.

In its appeal from the judgment of the trial court confirming the award, the plaintiff Ramos has pressed several claims of error. It first claims error in the court's denial of its application to vacate the award on the grounds that "the arbitrators based their award on a nonexistent agreement to arbitrate." Although the plaintiff does not contest the arbitrability of the dispute and agrees that

the authority of the arbitrators "came from the stipulation of the parties dated November 7, 1973," it argues that the award cannot stand since, in its preamble, the award incorrectly cited the date of the underlying contract, March 23, 1973, instead of November 7, 1973, as the date of the agreement to arbitrate. Such a grasping for straws does little to indicate strength in the plaintiff's appeal.[1] The record indicates no confusion whatsoever concerning the contractual dispute which was the subject of Franklin's claim and Ramos' counterclaim for arbitration. It is not disputed that the parties did agree to submit this contractual dispute to arbitration and the actual date of that agreement was not a material factor in any way related to the merits of the dispute. In fact, it was not mentioned in the award itself but only in the preamble. It was a detail which neither the law nor the submission had made it the duty of the arbitrators to observe; *In re Curtis-Castle Arbitration*, 64 Conn. 501, 513, 30 A. 769; and obviously had no effect on the justice of the award as a whole or the rights of the parties. See 5 Am. Jur. 2d, Arbitration and Award, § 169. The parties' actual submission of their dispute to arbitration renders immaterial the exact date on which they initially agreed to do so and the preamble's incorrect reference to the date of the agreement to arbitrate is not such a mistake of fact as to justify setting aside the award. *Liggett* v. *Torrington Building Co.*, 114 Conn. 425, 431, 158 A. 917; 6 C.J.S., Arbitration, § 154.

The plaintiff further claims that the court erred in denying its application to vacate the award on

[1] "Errors, like straws, upon the surface flow;
He who would search for pearls must dive below."

John Dryden, "All for Love," Prologue

the ground that the arbitrators exceeded their powers and imperfectly executed them so that a mutual, final and definite award on the subject matter submitted was not made. As a basis for this claim, the plaintiff asserts that the court was in error (a) in concluding that the submission was unrestricted, (b) in not concluding that the arbitrators imperfectly executed their powers because they did not make any specific findings with respect to all the claims of the parties, and (c) in concluding that the award was definite and in conformity with the submission.

The present claim of the plaintiff that the submission was a restricted one is in direct conflict with the claim of law which it submitted to the trial court. Before that court, the plaintiff claimed: "The submission to the arbitrators was not restricted and thus they were bound to decide according to law." In its brief submitted to this court, the plaintiff asserts: "When the demand for arbitration, answer and counterclaim are considered as one integral part comprising the submission, it is clear that the submission in the instant case is restricted."

"Arbitration is a creature of contract and the parties themselves, by the agreement of submission, define the powers of the arbitrator. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.*, 148 Conn. 192, 197, 169 A.2d 646; *Niles-Bement-Pond Co.* v. *Amalgamated Local 405*, 140 Conn. 32, 36, 97 A.2d 898. . . . Thus, in deciding whether arbitrators have 'exceeded their powers,' as that phrase is used in § 52-418 (d), courts need only examine the submission and the award to determine whether the award conforms to

the submission. *Board of Education* v. *Bridgeport Education Assn.* [173 Conn. 287, 291, 377 A.2d 323]; *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* 164 Conn. 472, 477, 325 A.2d 274." *Board of Education* v. *Waterbury Teachers' Assn.* 174 Conn. 123, 127, 384 A.2d 350.

As we have already noted, the parties agreed in open court that "if following the completion of this job there are any differences concerning this job between the parties, they will have those differences resolved through arbitration." The submission consisted of Franklin's demand for arbitration which defined the "Nature of Dispute" as "Contractual Dispute" and the relief sought as "Overpayment on Contract—$24,611. Claim for Delays—$150,000." Ramos' counterclaim filed with the arbitrators simply recited that the nature of the dispute involved was a "Contractual Dispute" and by way of relief requested an award for amounts due on the written contract plus extra work provided, along with damages for breach of the contract. Neither party in the arbitration proceedings specifically set forth any particular questions which it desired to have answered by the arbitrators. See *Local 63, Textile Workers Union* v. *Cheney Bros.,* 141 Conn. 606, 613, 109 A.2d 240, cert. denied, 348 U.S. 959, 75 S. Ct. 449, 450, 99 L. Ed. 748. The parties had agreed without limitation to submit to arbitration "any differences concerning this job between the parties." "[T]his job" was the performance of the construction contract which was the "Contractual Dispute" stated in the submission to the arbitrators. "We reiterate the rule which applies herein that the question of what is subject to arbitration is for the arbitrators under the broad

and all-embracing language of the contract. *College Plaza, Inc.* v. *Harlaco, Inc.,* 152 Conn. 707, 708, 206 A.2d 832. Specific designation of arbitrable matters is unnecessary where the language of the arbitration clause indicates an intention of the parties to include all controversies which may arise under the principal agreement between them." *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* 158 Conn. 467, 473, 262 A.2d 159. We conclude that the trial court properly concluded that as to the contractual dispute between the parties the submission was unrestricted.

We find no merit in the contention of the plaintiff that the arbitrators imperfectly executed their powers because they did not make any specific findings with respect to all the claims of the parties. " 'The arbitrators are only required to render an award in conformity to the submission and an award need contain no more than the actual decision of the arbitrators. The means by which they reach the award, unless the submission requires, is needless and superfluous. *New Britain Machine Co.* v. *Lodge 1021,* 143 Conn. 399, 404, 122 A.2d 786.' *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543." *Costello Construction Corporation* v. *Teamsters Local 559,* 167 Conn. 315, 320, 355 A.2d 279. The submission in this case did not require the arbitrators to make any specific reference to the plaintiff's claim of breach of contract since arbitrators need not even make mention of the claim of a party. *Darien Education Assn.* v. *Board of Education,* 172 Conn. 434, 438, 374 A.2d 1081; *Von Langendorff* v. *Riordan,* 147 Conn. 524, 163 A.2d 100; 5 Am. Jur. 2d, Arbitration and Award, § 127.

The award, which recited that it was "in full settlement of any and all claims submitted to this arbitration," was clearly a definite award and

clearly in conformity with the submission and the court properly so found. "[I]n deciding whether arbitrators have 'exceeded their powers,' as that phrase is used in § 52-418 (d), courts need only examine the submission and the award to determine whether the award conforms to the submission." *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 477, 325 A.2d 274.

Every reasonable presumption and intendment will be made in favor of an award of arbitrators and of their acts and proceedings. "Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it. 6 C.J.S. 281, § 130; Sturges, Commercial Arbitrations and Awards, p. 549." *Von Langendorff* v. *Riordan,* supra, 527. We find no error in the conclusion of the court that the plaintiff failed to sustain this burden.

The plaintiff's two remaining claims of error are directed to rulings of the trial court. The court denied a motion of the plaintiff to strike from the cross application of the defendant seeking confirmation of the award two exhibits which were referred to in the award and which set out a financial breakdown of the defendant's claims for relief. We find no error in this ruling. As we have noted, in deciding whether the arbitrators have exceeded their powers courts need only examine the submission and award to determine whether the award conforms to the submission; *Board of Education* v. *Waterbury Teachers' Assn.,* supra; and are "not required to review the evidence on which the award was based or to ensure that the judgment of the arbitrators was either factually or legally

correct." *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* supra, 478. The court properly concluded that the award was within the submission. That the award referred to exhibits which the arbitrators had before them and that those exhibits were also before the court are facts without significance.

The final claim of the plaintiff is that the court committed reversible error in concluding that the plaintiff's failure to file an answer to the defendant's cross application seeking confirmation of the award constituted an implied admission of the affirmative allegations of that cross application. The record discloses that the defendant's cross application was filed on September 29, 1975, that the plaintiff's motion to strike portions of that application was filed October 2, 1975, and that on October 16, 1975, the court filed both its memorandum of decision on the motion to strike and its memorandum of decision on the merits of both applications. It is true that under the provisions of § 76 of the Practice Book the plaintiff was entitled to further time to file an answer to the defendant's cross application after the court ruled on the motion to strike and, accordingly, the court was in error in concluding that the plaintiff's failure to deny the allegations of the cross application permitted, under the provisions of § 83 of the Practice Book, a conclusion that the allegations were admitted. Under most circumstances, this would constitute material and reversible error but, under the circumstances of this case, we conclude that it did not and that the plaintiff was not prejudiced thereby.

The decisive issue before the court was whether the award should be vacated, as the plaintiff

claimed, or confirmed, as the defendant claimed. Their respective positions were clear on the pleadings as they stood and were in direct conflict. The award could not be vacated, as the plaintiff claimed, if it should be confirmed, nor could it be confirmed, as the defendant claimed, if it should be vacated. The issue before the court for decision was clear and definite. Regardless of the unclosed pleadings on the defendant's cross application for confirmation, the pleadings were fully closed on the plaintiff's application to vacate. On that application, the burden was on the plaintiff to produce evidence sufficient to invalidate or avoid the award. The plaintiff failed to produce such evidence with the result that the judgment denied the motion to vacate and it not being vacated, it was, thereupon, confirmed.

There is no error.

In this opinion the other judges concurred.