QUINN ASSOCIATES, INC. *v.* HENRY BORKOWSKI, JR.

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE No. 330724
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed June 14, 1988

*Updike, Kelly & Spellacy,* for the plaintiff.
*Brayton & Mencacci,* for the defendant.

SATTER, J. In this action the plaintiff, Quinn Associates, Inc., applies for an order confirming an arbitration award, and the defendant, Henry Borkowski, Jr., applies for an order vacating, modifying or correcting the award.

On May 15, 1984, the plaintiff and the defendant entered into a standard form of agreement between owner and architect under which the plaintiff agreed to perform architectural services for the defendant in connection with the design and construction of a professional office building. The contract provided that the plaintiff would be paid a basic compensation equal to 6 percent of construction costs upon the completion of each stipulated phase of the architectural services and a fixed hourly rate for additional services rendered. All outstanding sums payable to the plaintiff were to bear interest from the date due at the rate of 1.5 percent per month (18 percent per year).

The contract also provided: "All claims, disputes and other matters in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . ."

During the course of the agreement, disputes arose between the parties that resulted in the plaintiff's exercising a right to terminate the contract and, on April 16, 1985, instituting arbitration proceedings to collect money it claimed was owed. The plaintiff's demand for arbitration, dated April 16, 1985, and addressed to the defendant, was exercised under the May 15, 1984 contract. The plaintiff identified the nature of the dispute as "contract balance due and owing claimant" and the claim or relief sought as $21,854.06. The defendant answered on May 21, 1985, by denying that any money was owed the plaintiff, and he interposed a counterclaim for $26,000 based on the plaintiff's breach and repudiation of the contract.

Frederick A. Clinton was duly appointed as the arbitrator and a total of five hearings was held between November 4, 1985, and April 10, 1986. During the course of the hearings, the basis of the plaintiff's claim changed from a demand for compensation for additional services on an hourly rate to a demand for compensation on a percentage of the construction costs. Before the hearings terminated the plaintiff billed the defendant on the latter basis and, in its posthearing brief, demanded $49,889.53 as due it under the contract.

On June 17, 1986, before the arbitrator had rendered an opinion, the plaintiff filed an amendment of the amount in demand, increasing the amount in the claim for relief sought section of the original arbitration demand from $21,854.06 to $49,889.53. The arbitrator, pursuant to rule 36 of the Construction Industry Arbitration Rules, reopened the hearings and allowed the defendant ten days in which to comment on the amendment. The defendant objected to the amendment on the ground that it should have been made during the hearings, asked for an opportunity to submit evidence to rebut the claim by showing a detailed accounting of the design expenses he incurred on the project

since the plaintiff terminated, and sought to present additional information on his counterclaim. On July 31, 1986, the arbitrator ruled to accept the amended demand and reclosed the hearings.

The arbitrator rendered his award on August 12, 1986. On the plaintiff's claim against the defendant, the arbitrator awarded the plaintiff $29,283, plus interest at the contractual amount of 1.5 percent per month commencing July 1, 1986; he denied the defendant's counterclaim against the plaintiff; he imposed administrative fees and expenses of the American Arbitration Association and expenses of the arbitrator upon the defendant; and he concluded: "This award in [sic] full and final settlement of any and all claims and counterclaims submitted to this arbitration."

The plaintiff duly applied to confirm the award, and the defendant applied to vacate, modify or correct it. At argument the defendant abandoned all the bases for his application but two: (1) the arbitrator exceeded his authority within the meaning of General Statutes § 52-418 (a) (4); and (2) the arbitrator was guilty of misconduct, within the meaning of General Statutes § 52-418 (a) (3).

I

"Arbitration is a creature of contract and the parties themselves, by the agreement of submission, define the powers of the arbitrator." *Board of Education* v. *Waterbury Teachers' Assn.*, 174 Conn. 123, 127, 384 A.2d 350 (1977). The agreement of submission in this case is the May 15, 1984 contract between the parties, which provided: "All claims, disputes and other matters in question . . . arising out of or relating to this Agreement or the breach thereof, shall be decided by arbitration . . . ." The demand for arbitration identified the nature of the dispute as the contract balance due the plaintiff.

In deciding the defendant's claim that the arbitrator exceeded his powers, within the meaning of § 52-418 (a) (4), this court need only examine the submission and the award to determine whether the award conforms to the submission. *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 587–88, 392 A.2d 461 (1978). Here the submission covered all claims in question under the contract, and the award was in full and final settlement of all such claims. Thus, the award conforms to the submission and is within the authority of the arbitrator.

The defendant contends that the submission is restricted by the amount of $21,854.06 that the plaintiff claimed in the original demand for arbitration and that the arbitrator exceeded his power by awarding $29,283. The defendant cites no authority in Connecticut or elsewhere for this contention, and this court can find none. In *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* supra, 586, and in *Game-A-Tron Corporation* v. *Gordon,* 2 Conn. App. 692, 693, 483 A.2d 620 (1984), the amount of the claim or relief sought in the demand for arbitration was not held to restrict the submission. In both those cases, however, the amount of the award was less than the amount sought, so the issue was not squarely faced by the court.

In this court's view, it makes no sense for the amount of the claim or relief sought to constitute a restriction on the arbitrator. If the parties submitted to the arbitrator the question of whether a claimant should be compensated a specified sum, then, by awarding a different sum, the arbitrator exceeds his power. But when the submission is general, as here, and includes an agreement to decide by arbitration all disputes under the contract, the arbitrator is free to award more or less than the amount claimed.

The essence of the submission is that the arbitrator resolve all disputes. A statement of the amount claimed is a guide to the arbitrator, but not a limitation on his power.

## II

The defendant further asserts that the arbitrator was guilty of misconduct, within the meaning of § 52-418 (a) (3), by refusing to hear the defendant's evidence in opposition to the plaintiff's amended demand for a larger amount than originally sought. The short answer to this assertion is that the amendment was unnecessary because the arbitrator could have awarded an amount in excess of the original amount claimed for the reasons stated above.

In this case, the plaintiff's amended demand did not raise a basis for recovery not dealt with in the hearings. Here, evidence of the plaintiff's claim for recovery on the basis of a percentage of construction cost was adduced at the hearings and the issue was argued in posthearing briefs. The amended demand sought only to conform the pleadings to the proof. It did not pose any new issue or involve the submission of any new evidence that entitled the defendant to an opportunity for rebuttal.

Moreover, the defendant has failed to demonstrate that the arbitrator, in denying him the opportunity to offer the evidence he proffered in his objection to the plaintiff's amended demand, committed "egregious evidentiary error" and deprived him of "a full and fair hearing." *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 148, 149, 523 A.2d 1271 (1987). That evidence, the defendant contended, would have shown that he incurred additional design expenses after the plaintiff left the project. It was probative of the defendant's counterclaim rather than the plaintiff's claim for compensation under the contract.

The arbitrator is accorded substantial discretion in determining the admissibility of evidence, particularly in the case of an unrestricted submission. The court will rarely intervene over an evidentiary ruling because "arbitration is an informal proceeding designed, in part, to avoid the complexities of litigation." Id., 148–49.

The defendant has failed to meet the heavy burden imposed on him to establish misconduct on the part of the arbitrator. *Two Sisters, Inc.* v. *Gosch & Co.,* 171 Conn. 493, 499, 370 A.2d 1020 (1976).

The plaintiff's application to confirm the arbitration award is granted, the defendant's application to vacate, modify or correct the arbitration award is denied.