[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In Docket No. 298479 E. I. Constructors, Inc. ("contractor") has moved to vacate and in Docket No. 297731 Ray A. Dahman ("owner") has moved to confirm and modify an arbitration award rendered by an arbitration panel pursuant to a construction contract which provided for resolution of disputes by arbitration.
The contractor claims that the arbitration award is deficient CT Page 291 and should be set aside pursuant to 52-418(a)(4) C.G.S. because the award is conditional, indefinite, incomplete, and lacking in finality. The contractor also objects that the arbitrators failed to address all issues submitted for arbitration and failed to make specific determinations as to some disputes.
The owner moves to confirm but seeks a modification claiming that in order to effect the intent of the award the court should modify the award to require the contractor to provide releases of mechanic's liens from all subcontractors and a withdrawal of a pending civil action brought by the contractor.
Judicial review of arbitration awards is limited to the grounds set forth in 52-418 C.G.S. Carroll v. Aetna Casualty and Surety Co., 189 Conn. 16, 22 (1983); Milford Employees Ass'n. v. Milford, 179 Conn. 678, 682 (1980).
Subsection (4) of 52-418(a), on which the contractor relies, provides that in award may be vacated "if the arbitrators have exceeded their powers or so imperfectly executed them that mutual, final and definite award upon the subject matter submitted was not made." The "subject matter submitted" was set forth in the contractor's demand for arbitration dated August 21, 1987 and in a counterclaim by the owner dated September 20, 1987.
In its demand for arbitration, the contractor requested that the arbitrators determine
 1. "the amount of damages and other costs and expenses, together with interest, to which Claimant is entitled by reason of the breach of the aforesaid Contractor on the part of the Owner." 2. its right to indemnification by the owner as to claims by subcontractors.
In his counterclaim, the owner identified the relief sought as
 a determination of the amounts due and owing him as compensation. For losses incurred as a result of delays to the completion of the project caused by [the contractor]. In addition, [the owner] seeks a determination of amounts due him as a result of [the contractor's] detective workmanship on the Project and its failure to complete work on the Project in accordance with its obligations as set forth in the contract for construction. [The owner] also seeks a determination of the amount due and owing him for interest and the costs of this arbitration, CT Page 292 including his attorney's fee.
The one-page ruling of the arbitrators states that the award "has been decided upon the basis that completion of the punch list items shall be the responsibility of [the owner]. The award states "[f]urther, this award is a net award after given [sic] full consideration to all claims of [the contractor] and all counterclaims of [the owner]. Other than a discussion of the division of the expenses of arbitration the substantive award is, in full, as follows:
 [The owner] shall pay the sum of $158,547 (which includes interest from 9/1/87 to 4/30/90) to [the contractor] on or before March 30, 1990 on the condition that [the owner] receives the roofing warranty/bond as provided for in the contract (Exhibit I) between the parties. In the event that [the owner] fails to receive the roofing warranty/bond by April 30, 1990, then [the owner's] obligation to pay [the contractor] shall be reduced from the said $158,547 to the sum of $138,000. For any balance remaining unpaid after April 30, 1990, [the contractor] shall be entitled to receive additional interest to be calculated from May 1, 1990 to actual date of payment at the rate of ten percent per annum.
The fact that the amount of the award is dependent on a condition does not in and of itself render the award either lacking in finality or indefinite. See, e.g., City of Worcester v. Granger Bros., Inc., 474 N.E.2d 1151, 1158 (Mass.App. 1985): Trustees of the Boston and Maine Corp. v. M.B.T.A.,294 N.E.2d 340, 345 (Mass. 1973); 5 Am. Jur. Arbitration Award 141, p. 623.
By conditioning the amount of its damages on the provision or non-provision of a warranty as to the roof of the building it constructed for the owner, however, the arbitrators have exceeded their powers by resolving an issue not submitted to them.
The submission, which consisted of the demand for arbitration and the counterclaim of the owner, did not request that the arbitrators determine whether or not the contractor was to provide a warranty as to the roof, but rather to assess damages based on the competing claims of defective workmanship, non-payment, and delay. The submission does not request the arbitrators to determine any relief other than an amount of money damages due. Moreover, the award is indefinite as to what sort of "warranty/bond" is to be furnished by the contractor in order for it to recover the full $158,547.00. The duration, terms, and extent of the warranty to be furnished are not specified in the CT Page 293 award. On its face, the submission contemplated the determination by the arbitrators whether the roof was defective, as the owner claimed, and, if so, the damages owed. Instead, the arbitrators have addressed the issue of warranty, thus deferring the issue of defects rather than deciding them as requested by the owner in his counterclaim.
The owner argues that because the parties agreed in their construction contract to arbitrate all disputes which might arise, the submission must be taken as an unrestricted one, such that the award is final and binding regardless of the scope of the award. The arbitration at issue, however, did not proceed upon an unrestricted submission. Rather, the parties defined the issues and the remedies sought in the demand and counterclaim referred to above. Unlike the parties in Masters v. Masters, 201 Conn. 50, 71
(1986), the parties herein did not, as the owner now suggests, make a submission which in effect consisted of "a composite of the authorizing clause in the . . . agreement." Rather, the disputes submitted to arbitration were those identified in the demand and counterclaim. This submission did not include a request that the arbitrators determine whether the contractor was to furnish a warranty or bond as to the roof but rather to determine then-existing defects and award damages. In this regard, the arbitrators exceeded their powers, which were limited to the decision of the issues as framed by the parties in their submission. When the award conforms to the submission, arbitrators will not be found to have exceeded their powers. Board of Education v. Waterbury Teachers Assn., 174 Conn. 123,127, 384 A.2d 350 (1977): Board of Education v. AFSCME, 195 Conn. 266,271, 437 A.2d 553 (1985). Where, as here, the arbitrators have strayed from the submission, no such conformity exists and the award cannot be upheld.
Additionally, the contractor has claimed that the arbitrators failed to decide one of the issues submitted to them, the issue of indemnification for claims against the contractor by subcontractors. The award is entirely silent on this issue, and the court finds that the arbitrators have imperfectly executed their duties within the terms of 52-420(a)(4) by failing to decide an issue stated in the submission.
For these reasons the award is vacated and remanded to the arbitrators.
While the above ruling determines the outcome of the owner's motion to confirm the award, the continuing nature of this dispute makes it necessary for the court to address the portion of that motion which requests a modification of the award to require certain relief as to mechanic's liens and other pending litigation. On the present record, the court must conclude that CT Page 294 the requested modifications request additional relief on issues not submitted to the arbitrators pursuant to the written submission. Even if it were assumed that the arbitrators had authority to require, for example, the contractor to withdraw a pending lawsuit, the owner has not established that the further relief it now seeks from the court by way of modification was ever submitted to the arbitrators. The owner has failed to establish any of the grounds for modification set forth in 52-419 C.G.S.
The motion to confirm and/or modify the arbitrators' award is denied.
The motion to vacate the award is granted, and the matter is remanded to the arbitrators with instructions to render an award in conformity to the submission of the parties, upon all of the issues submitted and only upon those issues submitted.
BEVERLY J. HODGSON, Judge