[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD AND DEMAND FOR TRIAL
Plaintiff filed the underlying action to vacate an arbitration award issued pursuant to an insurance contract arbitration provision. Plaintiff's decedent had been an insured of the respondent insurance company. The issue and submission to the arbitration panel was whether the uninsured motorist coverage of respondent was $40,000 or $300,000. The determination of this issue was dependent on the applicability of a waiver executed by plaintiff's decedent.
The plaintiff, also through this action, seeks to assert its right to a trial de novo on the coverage issue, if the award is not vacated. The trial claim is premised on a contract provision which purports to allow either party claim a trial if the amount of damages awarded by arbitration exceeds the minimum limit for bodily injury liability ($20,000). Connecticut General Statutes Sections 14-112 and 38-175 (c).
The defendant filed a motion to dismiss asserting that the plaintiff's motion to vacate was untimely; and an objection to plaintiff's demand for trial.
The parties stipulated to the facts, filed briefs, requested the court to decide both issues and argued orally.
The motion to vacate the arbitration award is a statutory procedure pursuant to Connecticut General Statutes Section 52-420. Connecticut General Statutes Section 52-420(b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."
The stipulation of the parties establishes that on December 21, 1988, the parties received two documents dated December 15, 1988 from the arbitrators, one entitled "Award" [App. B to Stip]. The other an "Arbitrator's Memorandum of Decision" [App. C].
The memorandum referenced Exhibits I-VI of the decision which have not been transmitted to the parties.
Plaintiff asserts that she did not receive notice of the entire award because of the failure to transmit the exhibits.
The document entitled "award" was all that was required of the arbitrator and is an "award" which answers the parties submission to the arbitrators; see Ramos Iron works v. Franklin Construction, 174 Conn. 583, 589 (1978). CT Page 4346
The court finds that the plaintiff received notice of the award, as that term is used in Section 52-420(b) on December 21, 1988. Plaintiff's motion to vacate such award filed February 1, 1989 was untimely and must be dismissed.
DEMAND FOR TRIAL
The plaintiff's demand for trial involves a contract arbitration escape clause indistinguishable from the provision found unenforceable by our Supreme Court in Mendes v. Automobile Ins. Co. of Hartford, 212 Conn. 652 (1989). In Mendes, the court was concerned with the insurance carrier and author of the policy taking advantage of the inequitable bargaining relationship, between it and its insured. The court's holding was that such provision was unenforceable by the insurance company as against public policy.
This case presents the rare instance when the insured seeks to avoid the results of arbitration by seeking a new trial under the escape clause.
The court does not believe that Mendes supra, would prevent a policy holder from enforcing the escape clause provision if it applied on its facts.
The instant case does not involve the award of any damages. The "Award" provides: "The issues are found in favor of respondent; and it is found that nothing is due from respondent to the claimant."
 The "escape clause" provides in pertinent part: "(2) The amount of damages. . . . If the amount exceeds that limit ($20,000). either party may demand the right to a trial. . . .
Damages in excess of $20,000 were not awarded, thus the "escape clause" is inapplicable.
The court is not inclined to construct a right to a trial, when the parties have had an opportunity for arbitration. The statutory scheme for arbitration of such disputes is convincing evidence of a public policy favoring arbitration, as recognized in Mendes v. Automobile Ins. Co. of Hartford, 212 Conn. 52 (1989).
Judgment enters for the defendant on all issues. This action is dismissed without an award of costs to either party.
McWEENY, J. CT Page 4347