[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's decedent and the defendant, both physicians, became partners in a medical practice in Hamden pursuant to a written partnership agreement dated May 22, 1989 (the "Agreement"). The Agreement provided that on the death of either partner, the surviving partner would have a choice between purchasing the decedent's estate or liquidating the partnership business. If the survivor elected to purchase the decedent's partnership interest, the purchase price was to be determined by calculations set forth in the Agreement and the price would be paid in monthly payments over a ten year period.
Dr. Brady died on February 3, 1992. Dr. Grosso, the survivor, elected to purchase Dr. Brady's partnership interest. According to Dr. Grosso's understanding of the formula in the Agreement, the price was to be $9,333.25. The Estate, however, believed that the proper calculations under the Agreement resulted in a price of $239,169.25. The parties submitted their dispute to arbitration by the American Arbitration Association, as required under the terms of the Agreement. On January 4, 1993, the arbitrator entered his award that Dr. Grosso should pay the Estate $260,005. for the purchase of Dr. Brady's partnership interest, with the price to be paid over a ten-year term. The Estate has filed an application to confirm the arbitration award and Dr. Grosso has filed an application to vacate or modify and correct the award.
The court's role in the review of an arbitration award is very limited because the courts favor arbitration. "We have consistently stated that arbitration is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls within the proscriptions of 52-418
of the General Statutes." Board of Education v. AFSCME,195 Conn. 266, 270 (1985). In furtherance of arbitration the court will make every reasonable presumption in favor of the award and the burden is on the plaintiff to produce evidence sufficient to invalidate it. Milford Employees Association v. Milford,179 Conn. 678, 683 (1980).
When the award conforms to the submission, arbitrators will not be found to have exceeded their powers. Board of Education CT Page 4869 v. Waterbury Teachers Assn., 174 Conn. 123, 127 (1977). The court will not review the evidence before the arbitrator nor the arbitrator's decision on legal questions. Meyers v. Lakeridge Development Co., 173 Conn. 133, 135 (1977); American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186 (1987). "To determine whether the arbitrators exceeded their authority we look to the submission to see if it conforms to the award." Milford Employees Association v. Milford, supra, at 683.
The defendant contends that the arbitrator exceeded his powers in two respects. First, he claims, the arbitrator exceeded his authority by ordering the defendant to purchase the decedent's partnership interest at the price determined by the arbitrator rather than permitting Dr. Grosso to elect between liquidation of the partnership or purchase of Dr. Brady's interest at the price determined by the arbitrator. The defendant's second claim is that the arbitrator could not find a purchase price in excess of that claimed by the Estate, which was $239,169.25.
Dr. Grosso initiated the arbitration by filing a demand for arbitration with the American Arbitration Association. Under the section of the demand marked "Claim or Relief Sought:", the demand was completed so it reads "Specific Performance ordering the transfer of Partnership assets in accordance with the Partnership Agreement (see attached)." Attached to the demand were copies of the relevant sections of the Agreement and a one-page narrative entitled "Nature of Dispute." On this page the defendant states that Dr. Brady died on February 3, 1992 and that "Dr. Grosso exercised his right to purchase the interest of Dr. Brady in accordance with paragraph 15 of the Agreement." The narrative then states that the accountants for the partnership calculated the amount due and it refers to the calculation annexed, which is a one-page letter from an accounting firm which analyzes the partners' net worth in the partnership. Dr. Brady's net worth is shown as $9,333.25. The narrative also includes once again a statement of the relief sought: "An order of specific performance requiring the Estate of James J. Brady to transfer all partnership assets by warranty bill of sale . . . by warranty deed . . . and for such other and further legal and equitable relief as may be appropriate." The relief sought is not conditioned on price.
The defendant's argument that the arbitrator deprived him of his right to choose between purchasing Dr. Brady's partnership CT Page 4870 interest or liquidating the partnership completely ignores any analysis of the scope of the submission as the defendant himself framed it. The defendant's submission clearly shows that the defendant had already elected his choice of the two available options when he filed the demand for arbitration. He had already elected to purchase Dr. Brady's interest and he sought confirmation from the arbitrator that the price should be $9,333.25. The Agreement provides that if the surviving partner wishes to purchase the decedent's share in the partnership, he must give written notice of his election to do so within sixty days after the death of the decedent. Arbitration was not initiated until some six months after Dr. Brady's death. Dr. Grosso made his election to purchase Dr. Brady's partnership interest months before the demand for arbitration was filed.
The plaintiff answered the defendant's demand for arbitration and also filed a counterclaim. The plaintiff's answer and counterclaim acknowledge that Dr. Grosso has given notice of his election to purchase Dr. Brady's partnership interest and sets forth the differences between the parties with respect to calculation of the purchase price. The relief sought on the counterclaim was "an order requiring Dr. Grosso to pay $239,169.25 to the Estate for its interest in the medical partnership and for such other further legal and equitable relief as may be appropriate in this case."
Nowhere in this submission did the defendant, Dr. Grosso, reserve the right to choose liquidation of the partnership as an alternative if he was dissatisfied with the purchase price determined by the arbitrator. (Indeed, it is not clear that the defendant could have successfully done so because the Agreement requires an election within sixty days of the decedent's death.) A fair reading of the submission indicates that Dr. Grosso had already elected to purchase Dr. Brady's partnership interest and the only dispute between the parties was the purchase price. It was the defendant who initiated arbitration and framed the scope of the initial submission. He could have attempted to reserve and defer his election between liquidation or purchase until the purchase price was determined, but he failed to do so. Having failed to do so, he cannot be permitted to succeed with his disingenuous claim that the arbitrator exceeded his powers by choosing the purchase option for the defendant. See Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207, 216 (1984).
The defendant's second claim is that the arbitrator exceeded CT Page 4871 his authority when, in ruling in favor of the plaintiff on the counterclaim, he determined the purchase price to be an amount higher than the plaintiff sought in the counterclaim. The plaintiff's claim for relief on the counterclaim is quoted in full above. It is quite specific, seeking an order "requiring Dr. Grosso to pay $239,169.25 to the Estate for its interest in the medical partnership. " (Unhappy with the result of the arbitration, the defendant claims throughout his memorandum of law that the plaintiff sought "reformation" of the Agreement and that the arbitrator ordered such reformation). These characterizations are inaccurate).
The award determined the purchase price to be $260,005., some twenty thousand dollars more than the amount claimed in the counterclaim. The plaintiff explains in its memorandum that during the arbitration hearing more accurate information concerning the accounts receivable and work in progress of the partnership became available. As a result of this information, the plaintiff recalculated the price during the hearing and claimed it to be $260,005., the amount later awarded by the arbitrator. The plaintiff did not, however, seek to amend the counterclaim to conform to higher amount of its claim.
The plaintiff relies on Quinn Associates v. Borkowski,41 Conn. Sup. 17 (1988) as authority for finding that the arbitrator may make an award higher than the amount claimed. However, this case is distinguishable in two ways from the instant case. First, the claimant in Quinn Associates did amend its claim with respect to the amount in demand prior to the rendering of the award. Although the respondent objected to the amendment, the arbitrator overruled the objection. Secondly, although the court found generally that claim amounts should not restrict the arbitrator's award, the court noted an exception, which is applicable here. "If the parties submitted to the arbitrator the question of whether the claimant should be compensated a specific sum, then, by awarding a different sum, the arbitrator exceeds his power." Id. at 21. The counterclaim at issue here sought an order to pay the very specific amount of $239,169.25. In awarding the higher amount, the arbitrator exceeded his authority.
The Application to Vacate or Modify and Correct Award is granted in the following respect only: the purchase price for Dr. Brady's partnership interest is modified and corrected so that it is $239,169.25. This modification and correction is made CT Page 4872 pursuant to Conn. Gen. Stat. 52-419(a)(2). In all other respects the Application to Vacate or Modify and Correct Award is denied. The award is confirmed in all other respects and the Application to Confirm Arbitration Award is granted accordingly in all other respects.
Christine S. Vertefeuille, Judge