[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. CT Page 11941
The plaintiff, Hartford Board of Education, seeks an order pursuant to Conn. Gen. Stat. Sections 52-418 and 419 to vacate and/or modify an arbitration award dated August 19, 1997.
At the arbitration hearing the parties mutually agreed to the following statement of the issue(s) to be submitted to arbitration:
Did the Hartford Board of Education violate the parties' collective bargaining agreement by failing to provide Wanda Dunaway with a paraprofessional assistant since the beginning of the 1995/1996 School Year?
If so what shall the remedy be?
In his award, the arbitrator found as follows:
The Hartford Board of Education violated the parties' collective bargaining agreement by failing to provide Wanda Dunaway with a paraprofessional assistant since the beginning of the 1995/1996 school year in that said failure caused a very substantial increase in her work duties. The remedy is:
(1) The Board shall pay retroactively to Dunaway an amount equal to ten percent (10%) of the wages she actually received from the first work day of school year 1995-96 to November 20, 1995.
(2) The Board shall pay retroactively to Dunaway an amount equal to five percent (5%) of the wages she actually received since November 20, 1995 during the regular school year (i.e. excluding her summer work months).
(3) Said five percent (5%) additional compensation shall continue to be paid to Dunaway for her regular school work (i.e. excluding her summer work months) for so long as she remains a Weaver House Secretary unless and until her workload is decreased to February 1995 levels (e.g. by removal of duties, assignment of staff assistance, etc.).
 II.
Pursuant to § 52-418, Conn. Gen. Stat., a judge of the superior court may vacate an award if the following is found: CT Page 11942
(1) If the award has been procured by corruption, fraud or undue means:
(2) if there has been evident partiality or corruption on the part of any arbitrator;
(3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or
(4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
Section 52-419, Conn. Gen. Stat., provides as follows:
(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) if there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.
(b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
The scope of judicial review of arbitration awards is limited, the court may not retry the case or substitute its own judgment for that of the arbitrator. The arbitrator's factual discretionary determinations are to be accorded considerable weight by the court.
In the instant case, the court must compare the award with the submission. Presumptions are to be made in favor of an arbitration award and the burden is upon the party challenging the award to prove that it is not in accordance with the submission. Ramos Iron Works, Inc. v. Franklin Construction Co., CT Page 11943174 Conn. 583.
A review of the decision by the arbitrator reveals that he has directed himself to the submission presented. Also in determining the remedy, the arbitrator, has examined other cases and analyzed their relevance to the issues before him. Therefore the court concludes that the arbitrator's decision is well reasoned and conforms to the submission and does not exceed its scope. The court finds that there is no violation of § 52-418
or § 52-419 Conn. Gen. Stat.
Moreover the court concludes that the Hartford Board of Education has presented insufficient evidence to invalidate the award and therefore did not meet its burden of proof in avoiding the award.
Accordingly the application to vacate and/or modify the award is denied.
STENGEL, J.