[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CONFIRMING ARBITRATION AWARD
The above-captioned matters arise out of a contract dispute between Saturn Construction Company ("Saturn") and State of Connecticut Department of Public Works ("the State") for the construction of a substantial portion of a medium-high security prison facility to house over seven hundred prisoners in Newtown, Connecticut. After completion of the project the State commenced arbitration proceedings pursuant to an arbitration clause in its contract with Saturn. It sought damages for Saturn's alleged failure to timely and properly perform its duties under the construction contract. Saturn in turn asserted a number of counterclaims against the State for its performance on the project. Following an extensive schedule of hearings over a period of four years an arbitration panel consisting of three individuals selected by the parties issued an arbitration award which found that Saturn was entitled to a net award against the State in the amount of $5,048,722.13.
Saturn now seeks an order confirming the arbitration award, and the State seeks an order vacating, modifying and/or correcting the award. CT Page 11919
The following issues have been raised:
1. Was the submission to arbitration restricted or unrestricted?
 2. If the submission was unrestricted, are there grounds to permit vacating the award under General Statute § 52-418(a)(4) or modifying the award under General Statutes § 52-419?
 First: The Court finds that the arbitration submission was unrestricted. The arbitration clause in the contract provides:
 "Any dispute arising out of the awarding of the contract for this project by the Commissioner of Administrative Services, or performance thereunder, shall be submitted to arbitration under the rules of the American Arbitration Association. Hartford, Connecticut shall be the locale where the arbitration is to be held."
The State's claims for arbitration were as follows:
"Nature of Dispute:
Breach of a contract for the construction of a prison facility in Newtown, Connecticut. Particularly, Respondent failed to perform its work in a timely and workmanlike manner, failed to complete portions of its work, failed to pay certain subcontractors and unjustifiably delayed other contractor's project work. Furthermore, Respondent submitted numerous non-meritorious claims for extra work allegedly performed in connection with the project. Finally, Respondent failed to provide future promised consideration in connection with Claimant's approval of Change Order No. 107 in the amount of $958,724.90."
"Claim or Relief sought:
All damages arising out of the Respondents failure to perform and/or complete its work including actual damages, liquidated damages and consequential damages. In addition, Claimant seeks an order directing Respondent to complete and/or correct its work, pay its subcontractors and reimburse the claimant for all expenditures associated with Claimants completion and/or correction of Respondents work. Finally, Claimant seeks an order directing the Respondent to refund all monies paid to Respondent CT Page 11920 in connection with Change Order No. 107."
The claims of Saturn also concerned its claims that the State had violated the terms of the contract.
Clearly, this was an unrestricted submission, which provides the arbitration panel with unlimited authority to resolve all of the parties' claims and defenses. "When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission . . . Thus, we have previously held that the parties should be bound by a decision that they contracted and bargained for, even if it is regarded as unwise or wrong on the merits." Saturn Construction Co. v. Premier Roofing Co.238 Conn. 293, 296, 304 (1996), quoting American Universal Ins. Co.v. Delgreco, 205 Conn. 178, 186-87 (1987) Garrity v. McCaskey,223 Conn. 1, 5-6 (1992).
Second: Even in the case of an unrestricted submission, the courts have recognized three grounds for vacating an award; (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; (3) the award contravenes one or more of the statutory proscriptions of General Statutes § 52-418.
The State claims that the award of the arbitrators in this case contravenes subsection (4) of § 52-418. It claims that the arbitrators "have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
The State claims that the arbitrators exceeded their powers or imperfectly executed them because they disregarded Judge Sheldon's decision dated October 17, 1994 (No. CV-93-0704690-S). Judge Sheldon had been asked to interpret the liquidated clause set forth in Article 8, paragraph 1 of the General Conditions of the Contract. That clause provided that liquidated damages were to be assessed for Saturn's delay in completing its work under the contract on schedule. The measure of such damages was set at $1,000 per day for each calendar day beyond the 470-day contract completion period that Saturn's work remained uncompleted. Saturn had claimed that by including this language in the contract the State waived any right it might otherwise have had to recover other types of delay damages against Saturn. The State, on the other hand, claimed that the liquidated damages clause did not CT Page 11921 apply to delay damages to other contractors which Saturn might cause and the State might pay before the contract completion expired. Judge Sheldon held that the liquidated damages clause covered only damages "for each additional day beyond the time agreed for completion of the contract." He further held, however, that the liquidated damages clause did not cover other delay damages. He stated, "(u)nder this contract inter-contractor delay damages were to be fully paid by Saturn whenever it caused them to occur . . ."
In light of Judge Sheldon's decision, it is now the State's position that the arbitrators imperfectly executed their powers because they failed to award inter-contractor delay damages. The Court disagrees. Judge Sheldon merely decided that inter-contractor delay damages could be awarded. He did not say theymust be awarded if they were not found proven by the arbitrators.
In any event, the arbitrators did in fact receive evidence presented by the State in regard to its delay claims #s 6, 11 and 12. Under claim #12 the arbitrators found that there were 245 total days of delay of which 198 days were excusable and the balance of 47 days were inexcusable and were Saturn's responsibilities. It therefore awarded the State $47,000 in accordance with the liquidated damages clause. It did not award inter-contractor delay damages, but they were not required to do so if such delay damages were not proven to their satisfaction.
The State in its brief claims that Judge Sheldon's decision established that the arbitration submission was restricted, and that Judge Aurigemma confirmed Judge Sheldon's findings in her Memorandum of Decision on Saturn's Motion to Dismiss (WL 240444.1996) To be sure, Judge Sheldon did in fact interpret a clause of the contract, and Judge Aurigemma did find that the Court had subject matter, jurisdiction. Yet neither of them actually held that the arbitration submission was restricted. In any event, this Court holds that the arbitration submission was in fact unrestricted as did Judge Wagner in his December 4, 1997 Memorandum of Decision.
The State also claims that the arbitrators exceeded their powers or imperfectly executed them because proof of actual costs was a necessary element of damages required by Article 13, Paragraph 6a of the General Conditions for Being Awarded a Claim for Extra work. It alleges that even though Saturn was aware that the contract required a claim for extra work to be limited to CT Page 11922 actual costs plus contract profit and overhead, it refused to submit to the arbitrators any evidence of actual costs in performing the work claimed.
In this regard the arbitrators addressed this claim in its findings of fact. It stated
"1. In Count Ten of its defenses the State alleges that Saturn did not comply with General Conditions Article 13, Subparagraph 6.
"2. As previously noted under Count Two, above, General Conditions Article 13, Subparagraph 2, provides that all changes in the work must be authorized on a change order approved by the Commissioner of the DPW or by the Chief of Construction Section and that the contract shall proceed with the work upon receipt of the written change order.
"3. At Working Procedures Paragraph 13 Change Orders, Subparagraph `g' the Contract provides that in no case shall a contractor proceed without a change order, except in emergency situations.
"4. General Conditions Article 13 contemplates that before the changed work is performed by the contractor, the contractor and the State will agree upon the amount to be paid to the contractor, based either on contract unit prices or upon a lump sum amount.
"5. General Conditions Article 13, Subparagraph 6 only comes into play where the State requests a change in the work which is not subject to unit prices in the contract and the contractor and the State cannot agree upon a lump sum price for that work. In that situation the State has an option under Subparagraph 6 to `order the work done'.
"6. The State has not offered credible evidence to show that prior to the change work being performed, the State and Saturn had a disagreement on the lump sum price of any changed work, and that the State `ordered' Saturn to do the work.
"7. The State never invoked Article 13, Subparagraph 6 during the Project because Saturn cooperated by performing the changed work before the issuance of a change order. CT Page 11923
"8. The State never invoked its option under Article 13, Subparagraph 6 to order change order work done by Saturn, and Saturn was not required to follow Subparagraph 6's requirements with respect to receipt of compensation.
"9. We therefore find that the State's Count Ten is not a valid defense to any of Saturn's claims."
It is not up to this Court to over-turn the arbitrators' findings of fact where the submission to arbitrate was unrestricted. Clearly the State's claim in this regard was arbitrable as stated in Judge Wagner's decision.
The State also alleges that the arbitrators imperfectly executed their powers because an examination of their award indicated "that at least twelve of the awards were not the result of the panel reaching its decisions upon the evidence before it." The State claim's that numerous awards were calculated by simply applying an arbitrary percentage factor to the claim amount. In this regard the Court has studied each of the claims of the parties and the decisions rendered by the arbitrators. ln regard to each of the claims the arbitrators specifically addressed the credible evidence or lack thereof in rendering a decision.
The Court also finds that when the submission is general, as here, and includes an agreement to decide by arbitration all disputes under the contract, the arbitrator is free to award more or less than the amount claimed. The essence of the submission is that the arbitrator resolve all disputes. A statement of the amount claimed is a guide to the arbitrator, but not a limitation on his power." Quinn Associates, Inc. v. Borkowski41 Conn. Sup. 17, 21-22 (1988).
The State claims that grounds exist to modify or correct the award pursuant to General Statutes § 52-419. That statute provides authority to modify or correct an award only in the following limited circumstances:
 "1. if there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award;
 "2. if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or
CT Page 11924
 "3. if the award is imperfect in matter or form not affecting the merits of the controversy."
That Statute, however, does not empower the Court to make a correction that affects the merits of the controversy. Pratt,Read Co. v. United Furniture Workers 136 Conn. 205, 208 (1949).
In conclusion, in deciding the State's claim that the arbitrators exceeded their powers within the meaning of § 54-418(a)(4) or that the award should be modified in accordance with § 52-419, this Court need only examine the submission and the award to determine whether the award conforms to the submission. "Here the submission covered all claims in question under the contract, and the award was in full and final settlement of all such claims. Thus the award conforms to the submission and is within the authority of the arbitrators." QuinnAssociates, Inc. v. Borkowski, supra at page 21.
The award of the arbitrators is confirmed and the application to vacate, modify and/or correct the arbitration award is denied.
Allen Judge Trial Referee