[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISON RE. ARBITRATION
On October 29, 2001, by agreement of the parties, the court ordered arbitration in this dispute between members of a limited partnership.[1]
On May 20, 2002, pursuant to rights reserved at the time of the entry of that order, the defendants filed a Motion to Determine Submission.
The defendants argue that the court set the issues to be addressed in the arbitration. The defendants argue that the parties have not agreed on all issues to be submitted to the arbitrators, that there are issues between them which are not covered by the partnership agreement and therefore not subject to the arbitration clause, and that clarity and specificity of the issues to be submitted to the arbitrators is required because any award ultimately made will be tested on review[2] by a determination of whether the award conforms to the submission.
The plaintiffs assert that the court cannot determine the terms of the submission because the arbitration clause in the partnership agreement is so broad that an unrestricted submission is mandated.
The arbitration clause contained in the partnership agreement is broad. It provides:
Any dispute, difference, or controversy among the Partners arising out of or in connection with the Partnership or the interpretation of the meaning or construction of the agreement, shall be referred to a board composed of one lawyer and one accountant agreed upon by the parties to such dispute. Said arbitration shall take place in New Haven, Connecticut, unless otherwise agreed upon by all of the parties. Every award or determination therein shall be final and binding upon all of the parties and the Partnership. There shall be no appeal from such award or CT Page 14398 determination and judgment thereon may be entered in any court of competent jurisdiction.
The statute provides:
 An agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract, or out of the failure or refusal to perform the whole or any part thereof . . ., shall be valid, irrevocable, and enforceable, except where there exists sufficient cause at law or in equity for the avoidance of written contracts generally.
Connecticut General Statutes, Section 52-408.
"Arbitration is a creature of contract and the parties themselves, by the agreement of submission, define the powers of the arbitrator. As the parties set the limits on the arbitrator's powers, they are bound by the limits they have fixed." Board of Education of the City of Waterbury v.Waterbury Teachers' Association, 174 Conn. 123, 127, 384 A.2d 350 (1977) (internal citations omitted). The submission must set forth with clarity the questions to be resolved, because no matter outside the submission may be included in the award. Local 63, Textile Workers of America.C.I.O. v. Cheney Brothers, 141 Conn. 606, 613, 109 A.2d 240 (1954). Because public policy favors expeditious and autonomous alternative dispute resolution, arbitration requires a minimum of judicial intrusion. City of Middletown v. Police Local, No. 1361, 187 Conn. 228,230, 445 A.2d 322 (1982). The questions presented here, therefore, are whether the language of the contract creates an unrestricted or restricted submission and whether the court can intervene at this stage of the proceeding to compel the precise language or issues to be addressed by the arbitrators.
The contract between these parties creates an unrestricted submission. The Appellate Court has held:
To determine whether an arbitration award conforms to the parties' submission, we must first determine whether the submission was restricted or unrestricted. "In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the CT Page 14399 agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted.
Exley v. Connecticut Yankee Greyhound Racing, Inc., 59 Conn. App. 224,229, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000) (emphasis added). The arbitration clause in the underlying contract is the submission. Id., 229.[3] Clauses similar to the arbitration provision in this agreement have been held to be unrestricted. See, CarlinPozzi Architects, p.c. v. Bethel, 62 Conn. App. 483 (2001); NaekConstruction Company, Inc. v. Wilcox Excavating Construction Co., Inc.,52 Conn. App. 367, 726 A.2d 653 (1999); Bernard Green, Trustee v.Connecticut Disposal Service, Inc., 62 Conn. App. 83, 771 A.2d 137
(2001).
Accordingly, the Motion to Determine Submission is denied.
BY THE COURT,
GRUENDEL, J.