LAUREN E. MEYERS ET AL. v. LAKERIDGE
DEVELOPMENT COMPANY

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued April 6—decision released May 24, 1977

*Gurdon H. Buck,* with whom, on the brief, were
*Thomas P. Byrne* and *George V. Steiner,* for the
appellant (defendant).

*Gordon A. Evans,* with whom, on the brief, was
*William D. Huhn,* for the appellees (plaintiffs).

PER CURIAM. On July 6, 1973, the plaintiffs and
the defendant entered into contracts under which
the plaintiffs performed architectural work for the
defendant. Article 11 of those contracts provided
that all disputes arising out of the contracts would
be submitted to arbitration under the rules of the
American Arbitration Association. On October 10,
1974, the plaintiffs requested the American Arbi-
tration Association to arbitrate a dispute over the
continuation of services by the plaintiffs. On
October 10, 1975, the arbitrators awarded the plain-
tiffs $65,888.10 plus interest on sums paid after
October 21, 1975. The plaintiffs subsequently filed
in the Superior Court an application for confirma-
tion of the arbitration award and the defendant
moved for an application for vacation and correc-

tion of the award. A hearing was held by the Superior Court on November 26, 1975, which consisted entirely of oral argument by the attorneys. The only evidence before the court consisted of copies of the contracts under which the dispute arose. On January 7, 1976, the court confirmed the arbitration award stating that the defendant had not shown any basis to support its request that the court retry the issues already determined by the arbitrators. The defendant then appealed to this court from the judgment rendered by the Superior Court confirming the award.

As a preliminary matter, the defendant assigns error to the court's refusal to make a finding of fact and contends that the court should have found certain facts contained in its draft finding which were admitted or undisputed. We conclude that the court acted properly in refusing to make a finding of fact since it had not heard evidence upon which to base one. *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1; *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 557, 53 A.2d 655. No claim is briefed that the court refused to hear evidence. Furthermore, the failure of the trial court to make a finding is not properly assignable as error. Maltbie, Conn. App. Proc. § 279.

This court is therefore left with the defendant's claims of law which may be reduced to one: whether the court erred in concluding that the award of the arbitrators was final and binding on the parties without reviewing the record to determine whether the arbitrators made errors of fact or of law.

Article 11.3 of the contracts stated in pertinent part: "The award rendered by the arbitrators shall

be final, and judgment may be entered upon it in accordance with applicable law." The defendant seeks to modify article 11 of the contracts with article 13 which states: "Governing Law. Unless otherwise specified, this Agreement shall be governed by the law of the principal place of business of the Architect." Nowhere is it suggested that the submission was in any way restricted. It is the well settled rule in this state that if designated by the contract, the arbitrators are empowered to decide factual and legal questions. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.*, 148 Conn. 192, 197, 169 A.2d 646. Our courts will not review the evidence considered by the arbitrators; *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 475, 325 A.2d 274; nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions. *Liggett* v. *Torrington Building Co.*, 114 Conn. 425, 432, 158 A. 917; *In re Curtis-Castle Arbitration*, 64 Conn. 501, 516–17, 30 A. 769. The defendant seeks to circumvent this rule by arguing that although article 11 grants the arbitrators broad powers, article 13 requires that their award conform to the law of the principal place of business of the architect, in this case, Connecticut. It is, however, clear from the contract that article 13 was not meant to curtail the power to make final decisions of law granted by article 11. Article 13 merely states that for purposes of conflicts, the law of the architect's principal place of business shall apply.

As there was no memorandum of decision indicating that the arbitrators had exceeded their powers, the lower court was only required to

examine the submission and the award to determine whether the award conformed to the submission. *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* supra; *Darien Education Assn.* v. *Board of Education,* 172 Conn. 434, 436–38, 374 A.2d 1081. Because the submission was unrestricted, the lower court did not err by confirming the award.

There is no error.