MILFORD EMPLOYEES ASSOCIATION ET AL. *v.* CITY OF MILFORD

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

[2] See General Statutes § 51-164s.

Argued November 13, 1979—decision released February 26, 1980

*John R. Williams,* with whom, on the brief, was *Sue L. Wise,* for the appellants (plaintiffs).

*Andrew J. Broughel,* with whom was *George F. Martelon, Jr.,* for the appellee (defendant).

ARTHUR H. HEALEY, J. The plaintiffs[1] were employed as inspectors in the engineering division of the department of public works of the defendant city of Milford. On June 30, 1972, they were discharged after a decision by the city's board of aldermen that, due to budgetary considerations, their positions were to be eliminated. Thereafter, the plaintiffs filed a grievance with the city's civil serv-

---

[1] The individual plaintiffs Louis Krasenics and Ralph Pascarelli were members of the plaintiff Milford Employees Association, a labor organization representing employees of the city of Milford. In this opinion when we refer to the plaintiffs we will be referring to the individual plaintiffs unless we indicate otherwise.

ice commission. The plaintiffs claimed that they were wrongfully discharged for two reasons: (1) their discharge was based on personal and political animosity; and (2) their discharge was planned so that they could be replaced with temporary employees hired under the Federal Emergency Employment Act. The commission found in favor of the defendant city and the parties then submitted the matter to the state board of mediation and arbitration for arbitration. The submission to the arbitrators read as follows: "Were Louis Krasenics and Ralph Pascarelli terminated from their employment in accordance with the layoff provision of Article VIII, Section 4 of the Civil Service Rules and Regulations? If not, what is the remedy?" The arbitrators issued the following award: "Louis Krasenics, and Ralph Pascarelli were terminated from their employment in accordance with the layoff provision of Article VIII, Section 4, of the civil service rules and regulations."[2] Upon that determination the plaintiffs brought an action in the Superior Court, pursuant to General Statutes §§ 52-420 and 52-418, in which they sought to have the award vacated and to be reinstated in their positions with back pay. The matter was referred

[2] Article VIII, § 4 of the Civil Service Rules and Regulations provides: "Layoffs. A department head may lay off a permanent employee in the classified service when he deems it necessary by reason of shortage of work or funds, the abolition of the position, material change in the departmental organizations, or for other related reasons which are outside the employee's control and which do not reflect discredit upon the services of the employee. The duties performed by any employee laid off may be reassigned to other employees already working who hold positions in appropriate classes. No regular employee shall be laid off while another person in a classified position is employed on a provisional or temporary basis in the same class in that department. No temporary or permanent separation of an employee from the service as a penalty or disciplinary action shall be considered a lay off."

to a state trial referee. The complaint before the referee was in three counts.[3] In the first count the plaintiffs claimed that the award of the arbitrators should be vacated on the ground that the "arbitrators exceeded their powers and so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." See General Statutes § 52-418 (d). In the second count they claimed that the award was null and void because it was rendered after the period in which the arbitration board was to act had expired.[4] In the third count they alleged that the city acted unlawfully and in bad faith in discharging the plaintiffs and that, in so doing, it violated 42 U.S.C. § 4881 (a) (1) (B) of the Federal Emergency Employment Act. Over the objection of counsel for the city, the plaintiffs presented evidence before the referee that was substantially the same as that received by the arbitration panel. The state trial referee made an extensive finding addressing the merits of the plaintiffs' claim of wrongful discharge and rendered judgment for the defendant. The appeal to this court followed.

[3] Although the plaintiffs failed to proceed in accordance with the procedure set out in General Statutes § 52-420, we have overlooked this irregularity. Section 52-420 provides that "[a]ny application under section 52-417 [confirming award], 52-418 [vacating award] or 52-419 [correction of award] shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct . . . ." The record does not disclose any court order directing the plaintiffs to proceed to vacate this award other than in accordance with § 52-420.

[4] Although the decision of the trial court on this issue was assigned as error, it has not been briefed before us and is, therefore, deemed abandoned. *Pastir* v. *Bielski*, 174 Conn. 193, 384 A.2d 367 (1978); Maltbie, Conn. App. Proc. § 327.

Although the plaintiffs raised various issues below as well as on appeal,[5] a preliminary matter must be considered, that is, the extent of judicial review of arbitration awards. "Arbitration is a contractual remedy designed to expedite, in an informal context, the resolution of disputes." *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 62, 357 A.2d 466 (1975). We have always respected the autonomy of the arbitration process and have often said that an arbitration award will be disturbed only where it clearly falls within the proscriptions of General Statutes § 52-418. Ibid.; *Board of Education* v. *Bridgeport Education Assn.*, 173 Conn. 287, 290, 377 A.2d 323 (1977); *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 475, 325 A.2d 274 (1973); *International Union* v. *Fafnir Bearing Co.*, 151 Conn. 650, 653, 201 A.2d 656 (1964); *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.*, 145 Conn. 285, 288, 141 A.2d 479 (1958).

The right to review of the award exists only by statute. Thus, if evidence is to be received at all by the trial court, it is to be evidence tending to prove that the award is impeachable under any of the grounds set out in § 52-418. See *Board of Education* v. *Bridgeport Education Assn.*, supra, 294; *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, supra, 475-76. The plaintiffs made no claim that the award was procured by corruption or fraud, that the arbitrators acted out of partiality or by corruption, or that the arbitrators wrongfully refused to postpone

---

[5] The plaintiffs made a substantial attack on the referee's 404 paragraph finding. For reasons we set forth in the opinion, we need not discuss this attack.

the hearing or to receive evidence. See General Statutes § 52-418 (a) through (c). Therefore, under the facts of this case, the only issue properly raised was whether "the arbitrators . . . exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (d). Every reasonable presumption and intendment will be made in favor of the award and, hence, the burden rests upon the plaintiffs to produce evidence sufficient to invalidate or avoid it. *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 413, 279 A.2d 543 (1971); *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100 (1960); 6 C.J.S., Arbitration § 172.[6]

To determine whether the arbitrators exceeded their authority, we look to the submission to see if it conforms to the award. See *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 587, 392 A.2d 461 (1978); *Board of Education* v. *Waterbury Teachers' Assn.,* 174 Conn. 123, 127, 384 A.2d 350 (1977); *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* supra, 477. It is apparent that it clearly does so. The submission in this case was unrestricted and the award is therefore final and binding and cannot be reviewed for errors of law or fact. Ibid.; *Meyers* v. *Lakeridge Development Co.,* 173 Conn.

---

[6] We note that "[a]uthorities universally affirm the proposition that the executive departments of government may lay off a merit system employee by abolishing the position which he holds, with the limitation that it be for a bona fide reason and not a subterfuge to evade the merit system laws." (Citations omitted.) *Ball* v. *Board of Trustees,* 251 Md. 685, 692, 248 A.2d 650 (1968). See annot., 87 A.L.R.3d 1165, "Determination as to Good Faith in Abolition of Public Office or Employment Subject to Civil Service or Merit System."

133, 135, 376 A.2d 1105 (1977). The arbitrators did not exceed their authority[7] and there was no evidence before the court to demonstrate that they imperfectly executed their powers. Their award was a mutual, final and definite award upon the subject matter submitted to them.

Essentially, the plaintiffs claim that the arbitrators' ultimate conclusion of fact, i.e., that the plaintiffs were not wrongfully discharged, may be reviewed because it is entirely against the evidence presented.[8] Thus, the plaintiffs assert that, as a matter of law, the evidence required a conclusion in their favor. See, e.g., *Darling* v. *Burrone Bros., Inc.*, 162 Conn. 187, 192, 292 A.2d 912 (1972). They sought to have the trial court grant them a full trial on this claim. This our statute does not permit; cf. Pa. Stat. Ann., title 5, § 71 (5); *Mitchell* v. *Pittsburgh,* 233 Pa. Super. 119, 335 A.2d 403 (1975); and our policy in this area opposes. See *Costello Construction Corporation* v. *Teamsters Local 559,* 167 Conn. 315, 317n., 355 A.2d 279 (1974). The parties freely bargained for the remedy of arbitration in the event of a dispute of this nature. Having done so, they are bound by the decision lawfully rendered. *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 62, 357 A.2d 466 (1975).

[7] We reach this conclusion in view of the fact that the plaintiffs abandoned their claim that the award was rendered outside the statutory period and was, therefore, void. See footnote 4, supra.

[8] The plaintiffs, in making this claim, rely heavily upon *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 96 A.2d 209 (1953). We sanctioned the trial court's review of questions of law decided by the arbitrator in that case only because the submission contained the following restriction: "The parties agree to accept the arbitrator's award as final and binding, providing it is not contrary to law." Id. 594–95.

The plaintiffs also claim that they are entitled to have the arbitration award reviewed on the ground that the arbitrators did not determine whether a provision of the Federal Emergency Employment Act of 1971 was violated. At the time of the plaintiffs' discharge, 42 U.S.C. § 4881 (a) (1) (B) prohibited the allocation of funds under the act to stimulate employment where the result would be "the displacement of currently employed workers."[9] This claim has no merit for two reasons. The first is that the record does not disclose that the arbitrators did not consider this provision in coming to their award. The second is that the plaintiffs' theory of wrongful discharge was based upon the alleged violation of this provision, whether expressly so stated or not. The central issue before the board was whether the plaintiffs' positions had been abolished in good faith. The board's conclusion on that issue is dispositive of this claim because no one can displace someone whose position has been abolished in good faith.

There is no error.

In this opinion the other judges concurred.

---

[9] This section was later transferred to 29 U.S.C. § 848 (a) (1) (B) and, in 1978, was substantially altered.