[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO VACATE ARBITRATION AWARD
The plaintiff, Joseph Purcell, seeks an order, CT Page 4486 pursuant to Connecticut General Statutes 52-148 (a)(4), vacating an arbitration award that determined the plaintiff's grievance against the defendants, State of Connecticut, its department of transportation [DOT] and DOT Commissioner, J. William Burns, to be nonarbitrable. The plaintiff had been employed by DOT for fifteen years when he was discharged, effective August 20, 1982, for disciplinary reasons. The plaintiff's labor union filed a grievance and the parties proceeded to arbitration.
On November 21, 1985, the arbitrator rendered an award finding that the plaintiff's discharge was justified. The plaintiff's application to vacate the award was granted on the ground that it was rendered after the thirty day time limit required by the parties' contract.
On November 8, 1988, the parties had a new hearing before arbitrator Selchick on the issue of arbitrability of the matter between them, pursuant to article 16 of the collective bargaining agreement (plaintiff's exhibit D, defendant's exhibit 1) and a written submission (plaintiff's exhibit B). On February 15, 1989, the arbitrator issued an award finding the case untimely and dismissing it as not arbitrable.
Thereafter, the plaintiff filed the instant action alleging that, in his award, arbitrator Selchick exceeded his authority in violation of Connecticut General Statutes52-418 (a)(4) because he was empowered to determine, only the issue of arbitrability of the grievance and not the issues of waiver, estoppel, timeliness and laches.
Connecticut General Statutes 52-418 (a)(4) provides that the Superior Court, upon the application of any party to the arbitration, "shall make an order vacating the award. . .if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Article 16, section 9(a) of the parties' collective bargaining agreement states, in pertinent part, that:
 On grievances when the question or [sic] arbitrability has been raised by either party as an issue prior to the actual appointment of an arbitrator, a separate arbitrator shall be appointed at the request of either party to determine the issue of arbitrability.
Plaintiff's exhibit D. Pursuant to this clause, the parties submitted the single issue: "Is the instant matter arbitrable?" Plaintiff's exhibit B. CT Page 4487
The plaintiff contends that the parties' submission to the arbitrator was a limited or restricted one. Plaintiff urges this court to vacate the award, pursuant to Connecticut General Statutes 52-418 (a)(4), on the ground that, by considering laches, timeliness, waiver, estoppel and res judicata in his determination of the issue of arbitrability, the arbitrator exceeded his authority.
"It is well established that arbitration is a matter of contract and that parties may agree to have questions concerning the arbitrability of their disputes decided by a separate arbitrator." Paranko v. State, 200 Conn. 51, 57
(1986). "The arbitration agreement and the submission. . .define the powers of the arbitrator and the issues to be decided." Administrative Residual Employees Union v. State, 200 Conn. 345,348 (1986). "If the submission does not contain limiting or conditional language, then the submission is unrestricted." Trumbull v. Trumbull Police Local 1745, 1 Conn. App. 207, 212
(1984). Specifically, where the submission question asks, "Is this matter arbitrable?", the submission is unrestricted; Bridgeport v. Bridgeport Police Local 1159, 183 Conn. 102, 107
(1981).
In the case before the court, the parties' submission to the arbitrator was unrestricted. Where the submission is unrestricted, "the [arbitrator's] award is. . .final and binding and cannot be reviewed for errors of law or fact." Milford Employees Assn. v. Milford, 179 Conn. 678, 683 (1980). Moreover, "[u]nless the submission provides otherwise, an arbitrator has authority to decide factual and legal questions." O G O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133, 153 (1987).
Furthermore, in construing Connecticut General Statutes 52-418 (a)(4), the State Supreme Court ruled that "[i]n deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission," Id. at 153-54; "an award need not contain an explanation of the means by which [the arbitrator] reached the award." Bic Pen Corporation v. Local No. 134, 183 Conn. 579, 585 (1981). One challenging the arbitration award has the burden of producing "evidence sufficient to invalidate or avoid it." Milford Employees Assn. v. Milford, 179 Conn. 678, 683 (1980).
The parties submitted to the arbitrator the question whether the grievance was arbitrable. Arbitrator Selchick rendered the following award: "The instant matter is not timely filed, and is dismissed as not arbitrable." Opinion and Award CT Page 4488 of Arbitrator Selchick at 14. The award conforms to the parties' submission, and the plaintiff produced no evidence that the arbitrator imperfectly executed his powers.
For the foregoing reasons, plaintiff's application to vacate the arbitration award is denied.
E. EUGENE SPEAR, JUDGE