[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has applied to vacate an arbitration aware pursuant to Conn. Gen. Stat. 52-418(a)(4), claiming that the arbitrator exceeded his power. The plaintiff ("Board of Education") and the defendant submitted to the arbitrator the issue of whether the Board of Education violated its contract with the defendant when the Board denied overtime work to two union members. The parties further submitted that the arbitrator should decide the remedy if a violation were found.
The arbitration arose out of the following facts. The Board of Education purchased eleven portable classrooms during the summer of 1990 to alleviate school overcrowding. The members of the defendant union are school custodians who worked a day shift from 7 o'clock a.m. to 3 o'clock p.m. doing general custodial work, which did not include cleaning of classrooms. Classrooms CT Page 9677 were cleaned from 3 o'clock p.m. to 11 o'clock p.m. by an outside cleaning service which obtained a contract through competitive bidding. Faced with the need to arrange for cleaning of the portable classrooms, the Board of Education decided to offer the custodians the option of overtime work rather than attempting a renegotiation of the contract with the outside cleaning service. The custodians agreed to the overtime plan and each custodian worked one extra hour per day five days per week from September, 1990 through June, 1991.
During the summer of 1991 the two custodians who later became grievants were told that they would not be given overtime for cleaning portable classrooms during the 1991 school year because the portable classrooms had been included in the contract with the outside cleaning service. The two custodians brought a grievance claiming that the overtime had become a past practice and could not be unilaterally stopped by the Board of Education. The grievance was not resolved and arbitration was required under the union contract. The arbitrator agreed with the grievants and found that they were entitled to the overtime work until the expiration of their contract. The arbitrator also ordered that the grievants be compensated for all lost overtime pay.
The court's rule in the review of an arbitration decision such as this one is very limited because the court favors arbitration. "We have consistently stated that arbitration is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls within the proscriptions of 52-418 of the General Statutes." Board of Education v. AFSCME, 195 Conn. 266, 270 (1985). In furtherance of arbitration the court will make every reasonable presumption in favor of the award and the burden is on the plaintiff to produce evidence sufficient to invalidate it. Milford Employees Association v. Milford, 179 Conn. 678, 683 (1980).
The plaintiff concedes that the submission to the arbitrator was unrestricted. When the submission is unrestricted, the court's inquiry is limited to whether the award conformed to the submission. Waterbury v. Waterbury Police Union, 176 Conn. 401,405 (1979). The court will not review the evidence before the arbitrator nor the arbitrator's decision on legal questions. Meyers v. Lakeridge Development Co., 173 Conn. 133, 135 (1977); American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186
(1987). "To determine whether the arbitrators exceeded their authority we look to the submission to see if it conforms to the CT Page 9678 award." Milford Employees Association v. Milford, supra, at 683.
The court finds that the arbitrator's award does conform to the submission. The arbitrator decided the issue before him, whether the Board violated the contract by not offering overtime work to the grievants, and he ordered a remedy. He was authorized to decide both issues. The plaintiff contends, however, that the arbitrator exceeded his authority in several respects. The plaintiff's first claim is that the arbitrator's decision is inconsistent in that it finds that the overtime work was only temporary, but that it nevertheless constituted a modification of the contract. There is no merit to the plaintiff's claim. The arbitrator did find that the custodians were told that the overtime was temporary, but he further found that the arrangement continued for an entire school year, a sufficiently long period of time to warrant it becoming a past practice. There is no inconsistency.
The plaintiff's second claim is that the arbitrator exceeded his power by relying on documents outside of the agreement between the Board of Education and the defendant. It is true that the arbitrator referred to a decision by another arbitrator and also a decision by the state Board of Labor Relations. However, the arbitrator cited both cases as precedents which employed the same reasoning as that adopted by the arbitrator. Board of Education v. AFSCME, supra, is distinguishable because the arbitrator's decision in that case was based solely on a document which was not part of the collective bargaining agreement.
The plaintiff next claims that the arbitrator exceeded his power by ordering the Board to compensate the grievants for lost overtime. The plaintiff claims that the agreement between the parties prohibits such an award. However, the Board's claim is based on a misreading of section 5.7 of the agreement. Section 5.7 addresses how overtime is to be offered to the employees and requires that it be offered as equally as possible among the employees. The full sentence at issue reads:
 In the event any employee successfully grieves that overtime has not been equalized, that employee shall be provided additional overtime opportunities on the rotation list to make up for the lost time; and, under no CT Page 9679 circumstances shall an arbitrator award overtime pay for time not worked.
When this provision is read in context, it can be clearly seer that the prohibition of an award for overtime pay applies only to a grievance that overtime has not been equalized. The prohibition does not apply to the issue which was arbitrated here.
The plaintiff's final claim is without merit as well. The Board of Education contends that the arbitrator found that the agreement was modified by a past practice although the agreement does not permit modification in that way. The simple answer to this claim is that the arbitrator's decision was within the scope of the unrestricted submission and the court cannot review the arbitrator's decision on legal questions such as the interpretation of the agreement.
The application to vacate the arbitration award is denied.
Vertefeuille, J.