[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO VACATE AND TO CONFIRM ARBITRATION AWARD
Facts
The parties entered into a collective bargaining agreement (Agreement) for the period April 1, 1987 through March 31, 1991.
On November 8 and 9, 1990 plaintiff posted the position of Cross Connection Technician 2 (CCT2). On November 16, 1990 defendant filed a grievance concerning the posting alleging that unilateral changes were made in CT Page 5568 the job qualifications and that those changes were unacceptable. The President of defendant, Sal Gozzo, (Gozzo) alleged that the pay range was incorrect and that the qualifications for the position had been changed from the current existing job description. As a proposed remedy, defendant requested the job be reposted as described under Code 24525 in the wage and classification study in the collective bargaining agreement. On November 20, 1990 defendant Gozzo received a memo from E. J. Zaik, the Manager of Labor Relations for plaintiff which stated that the CCT2 vacancy was removed from the bulletin boards. On December 3, 1990 the job was reposted. The posting was identical to the November 8, 1990 posting except that the pay range was corrected. No grievance was filed as to the December 3, 1990 posting.
The grievance in regard to the November 8 and 9, 1990 posting proceeded to arbitration before arbitrators from the Connecticut State Board of Mediation and Arbitration (Board). The parties could not agree on a submission. Plaintiff proposed framing the issue as follows:
"Is the matter referred to in the Union's grievance submitted on November 16, 1990 moot?" The court is not told how defendant proposed to frame the issue but the arbitrators concluded that the parties were unable to agree on a submission, and the arbitrators framed the issue as follows:
 "Did the MDC violate the Collective Bargaining Agreement (CBA) when it posted the position of Cross Connection Technician 2 on December 3, 1990?
If so, what shall be the remedy?"
That in itself is not "the submission" which includes the Agreement. infra. The arbitrators answered the first of their questions in the affirmative and ordered the MDC to cease and desist from actions of this nature in the future and to repost the position with the original job description and requirements or qualifications.
Plaintiff seeks to vacate the Award for the following reasons: CT Page 5569
 1) The arbitrators exceeded their authority granted under the arbitration clause of the collective bargaining agreement, and
 2) The arbitrators' findings of facts and award were clearly in error and not supported by the record.
Paragraph 4.16 of the Agreement is as follows:
 4.16 Revisions of posting and postings of newly created positions shall be reviewed by the Union President prior to being posted. If there is disagreement, the Union will submit their interpretation of the postings to the Director of Personnel for his consideration within three (3) days. Any re-draft of the posting will be forwarded to the Union. The District reserves the right to post the position. If the posting is unacceptable to the Union a grievance may be submitted commencing at the Personnel Director's step of the grievance procedure.
The Agreement, in regard to arbitration, provides for various "Steps." Step V provides as follows:
 18.6 Step V If the grievance is not resolved through mediation or the Union elects to file it directly to arbitration, the Union only may seek arbitration of the grievance before the State Board. The Union's request for arbitration shall be in writing, and must be filed with the State Board within twenty (20) days of the mediation hearing or within twenty (20) days of receipt of the District's answer in Step III if no mediation is requested.
 18.7 In the event arbitration takes place the decision of the arbitrators shall be final and binding on all parties as provided by law. The arbitrators shall be bound by, and must apply all the terms of the agreement, and shall have no power to add to, subtract from, or otherwise modify the provisions of the agreement. Arbitrator shall decide only one grievance.
CT Page 5570
 18.8 Each party shall bear their own expenses for arbitration. The Union President or his designee may be provided paid time off to attend arbitration sessions at the discretion of the Director of Personnel.
 18.9 Any time limits specified in this procedure, except for the initial filing of the grievance, may be extended by mutual agreement of the Union and the Director of Personnel or his/her designee. 18.10 If a grievance is not submitted by the Union to a higher step in the above procedure, it shall be deemed settled on the basis of the District's answer in the step last considered.
Law
The court seeks to uphold arbitration awards. Milford Employees Assoc. v. City of Milford, 179 Conn. 678,682-683.
Under Step V of the Agreement, grievances may be resolved by arbitration. Only the grievance of November 16, 1990 exists for our purposes. The arbitrators framed an issue in regard to a December 3, 1990 posting. That was never grieved and was not ripe for arbitration under the Agreement.
the arbitrators exceeded the power given them by the Agreement. They had no power to ignore paragraph 4.16 of the Agreement which requires a grievance be filed as to the December 3, 1990 posting.
Motion to vacate is granted.
Motion to confirm is denied.
N. O'Neill, J. CT Page 5571