[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Loraine M. Cortese-Costa for plaintiff.
Gagne Collins for defendant.
The plaintiff Town of Wilton has applied to vacate an arbitration award pursuant to General Statutes § 52-418(a)(4), claiming that the arbitrators exceeded their powers by deciding an issue which was not submitted. The defendant opposes the application and has filed a cross-application to confirm the award. CT Page 7725
The court's role in the review of arbitration awards generally is limited because the court defers to the arbitrators. "We have consistently stated that arbitration is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls within the proscriptions of § 52-418 of the General Statutes." Board of Education v. AFSCME, 195 Conn. 266,270 (1985). In furtherance of arbitration the court will make every reasonable presumption in favor of the award and the burden is on the plaintiff to produce evidence sufficient to invalidate it. Milford Employees Association v. Milford, 179 Conn. 678, 683
(1980).
When the arbitration submission is unrestricted, the court's inquiry is limited to whether the award conformed to the submission.Waterbury v. Waterbury Police Union, 176 Conn. 401, 405 (1979). The court will not review the evidence before the arbitrator nor the arbitrator's decision on legal questions. Meyers v. LakeridgeDevelopment Co., 173 Conn. 133, 135 (1977); American UniversalIns. Co. v. DelGreco, 205 Conn. 178, 186 (1987). "To determine whether the arbitrators exceeded their authority we look to the submission to see if it conforms to the award." Milford EmployeesAssociation v. Milford, supra, 683. If it does conform, the award is final and cannot be reviewed for errors of law or fact. Id.
In this case the parties stipulated in writing to the issue to be submitted to an arbitration panel of the state Board of Mediation and Arbitration. The issue was:
 Did the Town violate the collective bargaining agreement when it refused to allow Toni Kwapniewski to return to work on August 30, 1993? If so, what shall be the remedy?
As our Supreme Court stated in another arbitration case, "[t]he issue submitted, then, was simply whether the agreement had been violated. No matter outside the submission may be included in the award. New Britain Machine Co. v. Lodge 1021, 143 Conn. 399,404, 122 A.2d 786 (1956)." Board of Education v. AFSCME,195 Conn. 266, 272 (1985).
The arbitration panel in the instant case found that "[t]he Town was correct in not taking the grievant back to work in August. . . ." The panel effectively answered the submitted issue "No." But instead of concluding the matter at that point, the panel went on to consider whether the Town acted appropriately in CT Page 7726 November, when there was another opportunity for the grievant to return to work. This clearly exceeded the narrow issue submitted.
The defendant's contention that the award should be upheld because the panel simply answered the question asked and then "imposed a remedy" cannot be sustained. The issue submitted required the panel to consider a remedy only if the first question, whether there was a violation of the agreement on August 30, was answered in the affirmative. The second question reads, "If so, what shall be the remedy?" (Emphasis added.) Because the panel answered the first question, concerning violation of the agreement, in the negative, the panel exceeded its powers by considering and ruling on the later events in November, whether or not it was doing so in the context of fashioning a remedy.
In a case which is remarkably similar to the facts before the court, the Appellate Court held that the award did not conform to the submission. Hartford v. Local 760, International Associationof Firefighters, AFL-CIO, 6 Conn. App. 11 (1986). Two questions were submitted for arbitration: (1) was the grievant suspended for just cause? and (2) "If not, what shall the remedy be?" The arbitration panel answered the first question in the affirmative. Then the panel went on to decide that the period of suspension was inappropriate and should be reduced.
The Appellate Court upheld the trial court judgment vacating the award.
 There is no question here that the award does not conform to the submission. The submission is clear on its face. By its language, which the arbitrators directed to themselves, the submission precluded the arbitrators from determining the question of remedy unless they found that the grievant was suspended without just cause. The phrase "if not," in the context of the submission as a whole, does not mean "if so." . . .
Id., 14. So, too, here, "if so" does not mean "if not." Once the panel decided that the Town had not violated the agreement on August 30, 1993, its work was concluded. The panel exceeded its powers in deciding anything other than whether the Town violated the agreement on August 30, 1993.
The plaintiff's application to vacate the award is granted. The defendant's cross-application to confirm is denied.
VERTEFEUILLE, JUDGE CT Page 7727