[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Label Systems Corporation has applied to vacate an arbitration award issued under the aegis of the American Arbitration Association. The plaintiff alleges various grounds under General Statutes § 52-418. The defendant Henry A. Behre, Jr. opposes the application and has filed a cross-application to confirm the award.
In August, 1981, the plaintiff and defendant entered into a written agreement by which the defendant became the exclusive sales representative of the plaintiff in the states of Pennsylvania and New Jersey. The plaintiff agreed to pay the defendant a commission of 15% on net sales of labels and 3% on net sales of automatic labeling equipment. The defendant in turn agreed to use his best effort to solicit orders for plaintiff's products.
The agreement provided that either party could terminate the agreement on ninety days' advance written notice. In November, 1991, the plaintiff gave written notice of the termination of the agreement effective January, 1992. September, 1992, the defendant filed a demand for arbitration with the American Arbitration Association, alleging that plaintiff had breached the written agreement by failing to pay approximately $257,000. in commissions due, plus interest. (There is no dispute that arbitration under the rules of the American Arbitration Association was required under the terms of the agreement.) The plaintiff filed a counterclaim in the arbitration alleging that the defendant had failed to use his best efforts in selling the plaintiff's products.
After days of hearings, the arbitrators made a written award in April, 1994, awarding $209,359. to the defendant here, Henry A. Behre, Jr., and denying the counterclaim of the plaintiff corporation. The cross-motions to vacate and confirm were filed thereafter.
The court's role in the review of arbitration awards generally is limited because the court defers to the arbitrators. "We have consistently stated that arbitration is the favored means of settling differences and arbitration awards are CT Page 8033 generally upheld unless an award clearly falls within the proscriptions of § 52-418 of the General Statutes." Board ofEducation v. AFSCME, 195 Conn. 266, 270 (1985). In furtherance of arbitration the court will make every reasonable presumption in favor of the award and the burden is on the plaintiff to produce evidence sufficient to invalidate it. Milford EmployeesAssociation v. Milford, 179 Conn. 678, 683 (1980).
When the arbitration submission is unrestricted, the court's inquiry is limited to whether the award conformed to the submission. Waterbury v. Waterbury Police Union, 176 Conn. 401,405 (1979). The court will not review the evidence before the arbitrator nor the arbitrator's decision on legal questions.Meyers v. Lakeridge Development Co., 173 Conn. 133, 135 (1977);American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186
(1987). "To determine whether the arbitrators exceeded their authority we look to the submission to see if it conforms to the award." Milford Employees Association v. Milford, supra, 683. If it does conform, the award is final and cannot be reviewed for errors of law or fact. Id.
In an attempt to have the adverse award set aside, the plaintiff Label Systems Corporation makes claims of numerous deficiencies in the award, all of which claims are without merit. The plaintiff's first contention is that the arbitrators exceeded their powers by improperly deciding a claim brought under the Connecticut Unfair Trade Practices Act, General Statutes §42-110a et seq. ("CUTPA.") Behre filed a revised demand for arbitration which included a CUTPA claim. The plaintiff filed a motion to strike the CUTPA claim, contending that a CUTPA claim cannot be arbitrated. The plaintiff's motion was denied by the arbitrators. The arbitration went forward on a multi-count demand for arbitration.
It is axiomatic that the burden of proof to vacate an arbitration award rests with the party seeking the order to vacate. Milford Employees Association v. Milford, supra, 683. On this CUTPA issue, the plaintiff has failed to establish the very basic fact upon which this issue rests. The plaintiff has not established that the arbitrators did decide the CUTPA claim. The pertinent portion of the arbitrators' award is as follows:
The Award is broken down as follows:
Total Commissions $174,495.00 CT Page 8034 Interest on Commissions 28,077.00 Net Insurance Premiums Refund 6,787.00 ----------- Total Award $209,359.00
 The counterclaim of Label Systems Corporation against Henry A. Behre, Jr. is denied.
Obviously, there is no reference to CUTPA or a CUTPA award in this part of the award. There is no reference to CUTPA in any other portion of the award either. It does not appear that the plaintiff sought any articulation of the award. The award as stated above makes no reference to punitive damages or attorneys' fees, remedies available under CUTPA, General Statutes §42-110g, and customarily addressed by courts when CUTPA violations are found. There is therefore no basis on which the court can infer that the arbitrators decided the CUTPA claim. Given the arbitrators' use of the term "commissions," if the court were to draw an inference, the court could only infer that the arbitrators decided the matter based on the breach of contract claim. The plaintiff has failed to establish the threshold fact, that the arbitrators did decide the CUTPA claim.
The plaintiff's second claim is that the arbitrators exceeded their powers, General Statutes § 52-418(a)(4), by their manifest disregard of applicable law. In 1992, the Connecticut Supreme Court recognized that manifest disregard of the law by arbitrators is encompassed within General Statutes § 52-418
as a basis on which the court may set aside an arbitration award.Garrity v. McCaskey, 223 Conn. 1, 7, (1992). The Supreme Court held that an award which manifests an egregious or patently irrational application of the law is an award which should be set aside under Section 52-418(a)(4). Id., 10. The Supreme Court emphasized that this basis for vacating an award is narrow and that it should be employed only in cases where the arbitrators show an extraordinary lack of fidelity to established legal principles. Id. The test is whether the arbitrators have shown an "egregious or patently irrational rejection of clearly controlling legal principles." Id., 11.
The plaintiff's argument, in essence, is that the arbitrators' ruling on the claim and the counterclaim is inconsistent. Such a claim, even if valid, does not meet the standards set forth in Garrity because it does not show an "egregious or patently irrational rejection of clearly CT Page 8035 controlling legal principles." Id. Moreover, however, the plaintiff's claim of inconsistency is not valid. The plaintiff contends that Behre's claim in the arbitration was for commissions due him under his unmodified, written agreement with the plaintiff corporation, approximately $395,000. as stated in his post-trial brief. The corporation claimed in the arbitration that the agreement was orally modified by eliminating the exclusive territory provision and also by relieving Behre of his best efforts obligation. The corporation alternatively contended that if the agreement was not modified, Behre breached his best-efforts obligation and the "unassailable and unchallenged" evidence was that Behre was liable to plaintiff for approximately $1.5 million. The plaintiff argues that only two results were possible: (1) Behre recovered his damages of $395,000. on the unmodified agreement and the corporation recovered $1.5 million on the counterclaim; or (2) the arbitrators found that the agreement was modified and neither party would recover any damages. Because the award was for $209,359. total damages for Behre and no recovery for the corporation, plaintiff argues, the award was inconsistent with the only two possible results.
The plaintiff's argument is specious. There were not only two possible results in this situation. The arbitrators could find, as they apparently did, that the corporation owed commissions to Behre under the unmodified agreement, but that the corporation failed to prove that Behre did not use his best efforts in promoting sales for the corporation. There also is no inconsistency in the fact that the award was lower than the amount sought by Behre. Whether or not a commission was payable depended on a variety of factors concerning the sale, including the date the order was placed and from where, the delivery location, etc. Given this variety of factors, there is nothing untoward about the fact that the arbitrators found commissions due on some of the sales claimed by Behre while they rejected his claim with respect to other sales. There is no merit to the plaintiff's claim in this regard.
The plaintiff's final claim is that the award must be vacated because the arbitrators committed misconduct by failing to recuse themselves, that the award was procured therefore by "undue means," General Statutes § 52-418(a)(1), and that the plaintiff was prejudiced by this. These claims largely relate to Behre's allegation that the president of Label Systems Corporation, Kenneth Felis, allegedly had been convicted of forty-one counts of fraud and conspiracy, which Behre contended CT Page 8036 had a bearing on Felis' credibility.
The plaintiff alleges that Behre engaged in a "smear" of the corporation in his discovery requests and amended arbitration demand by referring to the conviction and asking interrogatories relating to it. Plaintiff also complained of Behre's claim of retaliatory conduct by the plaintiff, and other statements made in briefs filed with the arbitrators. The plaintiff acknowledges that its objection to answering the interrogatory was sustained, that the retaliatory conduct claim was stricken and not heard by the arbitrators and that the corporation's objection to the question concerning the conviction was sustained and evidence of the conviction was not admitted into evidence by the arbitrators. The plaintiff nevertheless contends that the mere asking of the questions brought these issues to the attention of the arbitration panel which then "knew about them" even though not admitted into evidence. Despite the fact that the evidence was not admitted, the plaintiff claims "the damage had been done."
The plaintiff fails, however, to point to any evidence of bias on the part of the arbitrators or to address the legal standard for disqualification of arbitrators for bias. A claim of partiality on the part of an arbitrator must be substantiated. Schwarzschild v. Martin, 191 Conn. 316, 327
(1983). "This court has summarily rejected attempts to overturn arbitration awards on grounds of partiality in cases, like the present one, which lacked sufficient evidentiary support." Id.
The three arbitrators who rendered the award in question were all attorneys. As a result of their legal training they surely knew the difference between the arguments and claims of the lawyers on the one hand, and properly admitted evidence on the other. The portions of the transcript submitted into evidence show arbitrators who were patient, open-minded, and evenhanded despite hearing a highly contentious and lengthy matter. The plaintiff failed to sustain its burden of proof on this third issue also.
Although the plaintiff's application to vacate raised an additional claim with respect to health insurance benefits, it was not briefed by the plaintiff and therefore is deemed abandoned and need not be addressed by the court. Practice Book § 285A.
In his memorandum in opposition to plaintiff's application to CT Page 8037 vacate, the defendant asks the court to award him his costs and fees for defending this proceeding. In support of this claim the defendant spends pages of his memorandum outlining a litany of complaints about the plaintiff's conduct in other lawsuits between the parties, in the arbitration proceedings and elsewhere. Very little of this alleged conduct is before this court. The defendant's request for costs and fees is denied.
The court finds that the submission to the arbitrators was unrestricted and that the award conformed to the submission. Accordingly, the motion to vacate is denied and the motion to confirm is granted.
CHRISTINE S. VERTEFEUILLE, JUDGE