[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD
The plaintiff Town of Watertown brings this action to vacate an arbitration award reinstating Robert Sager, a member of the defendant union, to the position of Engineering Technician I in the town's engineering department. The plaintiff argues that the award contravenes public policy or, in the alternative, that the arbitration panel exceeded its authority under the provisions of Conn. Gen. Stat. § 52-418
(a)(4) which authorizes the court to vacate an award "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The defendant union argues that the award must stand.
THE FACTS
The plaintiff town and the defendant union were parties to a collective bargaining unit covering the period July 1, 1999, to June 30, 2003. Robert Sager, in the position of Engineering Technician I with the town, is a member of the union. The town experienced budgetary problems during the term of the agreement. As part of a revised budget for fiscal year (FY) 2000-2001, the town appropriated only $11,869 for the position of Engineering Tech I, which previously had been budgeted at a salary of $35,609. Exhibit D-6. Once the appropriated sum of $11,869 had been paid out to Mr. Sager, he was notified that he was to be laid off because the town "is abolishing the position of Engineering Tech I." Exhibit C, letter of October 16, 2000.
A grievance was filed and, when the grievance was denied, the matter proceeded to arbitration under the written provisions of the collective bargaining agreement. Exhibit A, Article V. The submission to the arbitration panel was broad and unrestricted: "Did the Town of Watertown violate the contract when it laid off Robert Sager on October 30, 2000 or thereabouts? If so, what shall the remedy be?"
At issue was whether the town had appropriately laid off Mr. Sager given the provision of the collective bargaining agreement which provided for the order of layoff. That contractual provision reads as follows:
 Section 3. The Town, in its discretion, shall CT Page 6096 determine whether layoffs are necessary.
 a. Order of Layoff: When a position must be discontinued or abolished because of a change in duties, reorganization, lack of work or lack of funds, and if it is determined that layoffs are necessary, employees will be laid off in the following order: temporary and seasonal employees; probationary employees, the employee with the least seniority first, etc., in accordance with the following.
 In the event of further reductions in force, employees will be laid off from the affected classification in accordance with their seniority and their ability to perform the remaining work available without further training. When two or more employees have relatively equal experience, skill, ability and qualifications to do the work without further training, the employee(s) with the least seniority will be laid off first.
The arbitration panel found that there were two probationary employees who had not been laid off in advance of Mr. Sager. The arbitration panel found that the town had violated the collective bargaining agreement by not following the order of layoff. The remedy awarded by the panel was the reinstatement of Mr. Sager.
THE STANDARD OF REVIEW
The scope of judicial review in a matter such as this is limited. When the submission is, as here, unrestricted, the court's inquiry is limited to whether the award conformed to the submission. Waterbury v. WaterburyPolice Union, 176 Conn. 401, 405 (1979); see also, Saturn ConstructionCo. v. Premier Roofing Co., 238 Conn. 293, 303-04 (1996). The court will not review the arbitrator's determination of the facts nor the arbitrator's decision on legal questions. Meyers v. Lakeridge DevelopmentCo., 173 Conn. 133, 135 (1977); American Universal Ins. Co. v. DelGreco,205 Conn. 178, 186 (1987). Rather the court looks to see if the submission conforms to the award. Milford Employees Association v.Milford, 179 Conn. 678, 683 (1980). See generally, Hodgson and Parley, Alternative Dispute Resolution in Connecticut's Courts, § 6.6.2.1 (1998).
VIOLATION OF PUBLIC POLICY
In claiming that the award violates public policy, the plaintiff has CT Page 6097 attempted to fit this dispute into one that pits the concept of municipal home rule against the provisions of the collective bargaining agreement. While it is true that the policy of the state is to allow cities and towns to govern their own affairs pursuant to validly adopted town charters, a dispute over whether a town must conform to its contractual responsibilities in the face of budgetary restraints does not implicate the public policy exception to deferential arbitration review.
Rather the cases which permit a court to vacate an arbitration award, such as this one, which compel reinstatement of an employee usually involve some apparent and egregious conduct of the employee. See, e.g.,Board of Education v. Local 566, 43 Conn. App. 499, 683 A.2d 1036
(1996), cert. denied, 239 Conn. 957, 688 A.2d 327 (1997) (against public policy to compel reinstatement of an employee convicted of embezzling from employer). "A vacatur on public policy grounds is premised on the notion that the parties cannot expect an award approving conduct which is illegal or contrary to public policy to receive judicial endorsement any more than parties can expect a court to enforce such a contract between them." (Citations omitted; internal quotation marks omitted.) SouthWindsor v. South Windsor Police Union, 41 Conn. App. 649, 654, 677 A.2d 464
(1996), citing Watertown Police Union Local 541 v. Watertown,210 Conn. 333, 340, 555 A.2d 406 (1989); Board of Education v. Local566, supra, 505 (1996).
The dispute does not involve any misconduct on the part of the employee, only a question of whether the town followed the terms of the contract to which it was a party, or not. No clearly established public policy of this state is implicated. The plaintiff fails to persuade this court that this case is other than one of simple contract interpretation.
EFFECT OF AN ERRONEOUS DETERMINATION BY THE ARBITRATORS
The remaining argument of the plaintiff is that the arbitration panel misinterpreted the provisions of the collective bargaining agreement in determining that the lay off order was not followed. The plaintiff urges the court to find that either the award does not conform to the submission or the arbitrators so imperfectly executed their powers that the panel failed to make a mutual, final and definite award," pursuant to Conn. Gen. Stat. § 52-418 (a)(4). Neither of these arguments has merit.
It may well be that another panel or even the court itself if called upon to decide the underlying dispute, might find that the interpretation of the contract should be other than what these arbitrators decided. But in a voluntary arbitration with an unrestricted submission, the court is CT Page 6098 not entitled to substitute its judgment for that of the arbitrators. Indeed, even if the arbitrators are wrong on a matter of law, the court must decline to intervene. See Saturn Construction Co. v. Premier RoofingCo., supra, 303-04 (erroneous interpretation of statute regarding an award of interest not sufficient to permit de novo review; award upheld). The interpretation placed on this contract by the arbitration panel, even if wrong, was not a mistake that is "gross or manifest to the point of showing bad faith or failure to exercise honest judgment." 16 Williston, Contracts (3d Ed. Jaeger 1976) § 1923B, p. 694, n. 13;Garrity v. McCaskey, 223 Conn. 1, 10 (1992). Rather this ground for vacating an award "is narrow and must be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Id.
Nor does the claim of the plaintiff that the award was a violation of public policy state a "legitimate and colorable claim," such that de novo review or any other heightened standard of review is required.Schoonmaker v. Cummings and Lockwood, P.C., 252 Conn. 416, 428 (2000).
CONCLUSION
There is no legal theory under which the court can substitute its own interpretation of the contract for that of the arbitration panel in this matter. The application to vacate the award is denied.
Patty Jenkins Pittman, Judge