# IAFF LOCAL 834 *v.* CITY OF BRIDGEPORT
## (AC 32472)

DiPentima, C. J., and Gruendel and Flynn, Js.

Argued October 18—officially released November 29, 2011

*John T. Bochanis*, with whom, on the brief, were *Thomas J. Weihing* and *Virginia C. Foreman*, for the appellant (plaintiff).

*Jarad M. Lucan*, with whom, on the brief, was *Christopher M. Hodgson*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. The plaintiff union, IAFF Local 834, appeals from the judgment of the trial court denying its application to vacate an arbitration award. The plaintiff claims that the court improperly concluded that the award of the arbitration panel was final and definite as to the parties. We affirm the judgment of the trial court.

The pertinent facts and procedural history are as follows. The plaintiff and the defendant, the city of Bridgeport, are parties to a collective bargaining agreement that provides for the arbitration of disputes regarding certain terms and conditions of the employment of union members. Ronald Morales was hired by the defendant's fire department (department) in August, 1987. Morales' alleged misconduct in May, June and July, 2006, caused the department to bring eight charges against him. Following a disciplinary hearing on these charges, Morales was found to be in violation of certain provisions of the department's rules and regulations, a department directive and an order from the department chief. By letter dated October 6, 2006, the department chief, Brian Rooney, imposed a penalty on Morales of a fifteen day suspension and a demotion from provisional senior fire inspector to the position of fire inspector.

Morales filed a grievance disputing the penalties. The defendant denied the grievance, and the plaintiff claimed the matter for arbitration. The unrestricted submission by the parties to the arbitration panel requested that the arbitrators consider the following: "Was the discipline of [Morales] (15 working day suspension and

demotion as provisional senior inspector to fire inspector) contained in Chief Rooney's October 6, 2006 letter for just cause? If not, what should the remedy be?" The arbitration panel heard evidence during multiple days of hearings. On January 22, 2009, the arbitration panel ruled that just cause existed for the suspension and demotion, and that the actions taken by Morales "were in the vast majority, but not all instances" clear violations of the rules and regulations of the department.

On February 23, 2009, the plaintiff filed an application to vacate the arbitration award pursuant to General Statutes § 52-418.[1] The plaintiff claimed that the award should be vacated because the arbitration panel exceeded its powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made, in that the award: (1) does not conform to the parties' submission, (2) is beyond the scope of the submission, (3) is contrary to law and (4) is indefinite and illegal because it is in violation of § 52-418. The plaintiff did not file a motion to correct and/or modify the award. On July 31, 2009, the defendant filed an application to confirm the arbitration award pursuant to General Statutes § 52-417. On June 22, 2010, the court rendered judgment, granting the defendant's application to confirm the arbitration award and denying the plaintiff's application to vacate the award. The court found that the arbitration panel acted within its broad scope of authority and that "[t]he decision was specifically based upon the panel's determination that there was just cause for the discipline imposed upon the grievant Morales." This appeal followed.

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

"Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .

"Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. . . .

"The significance . . . of a determination that an arbitration submission was unrestricted or restricted is not to determine what the arbitrators are obligated to do, but to determine the scope of judicial review of what they have done. Put another way, the submission tells the arbitrators what they are obligated to decide. The determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators' decision. . . .

"Even in the case of an unrestricted submission, we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418. . . . [Section] 52-418 (a) (4) provides that an arbitration award shall be vacated if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80–81, 881 A.2d 139 (2005).

The plaintiff claims that the arbitration panel's award is not final or definite as to the charges presented and that the court therefore erred in confirming the arbitration award. Specifically, the plaintiff claims that it is impossible to determine, from the panel's ruling, which charges Morales was found to be responsible for and which charges he was relieved of responsibility, and thus the panel's award is not final as to the charges presented. Because the panel's award conforms to the submission, we disagree.

The issue that the parties submitted to the panel was whether the discipline Morales received was for just cause. The panel determined that the "suspension and demotion [of Morales] was warranted" and "there is a clear preponderance of the evidence to support a finding of just cause for the discipline imposed by the [defendant] on [Morales]." The plaintiff claims that the award is not final because it does not address each of the charges against Morales individually, and asserts that the submission to the panel was the eight separate charges contained in the department chief's letter of

October 6, 2006. The parties' submission to the panel did not, in fact, request a finding as to each charge but merely required the panel to determine if the discipline of Morales was for just cause.

Every reasonable presumption should be made in favor of the arbitration award, and the burden of proof rests with the plaintiff to present sufficient evidence to set the award aside. *Milford Employees Assn.* v. *Milford*, 179 Conn. 678, 683, 427 A.2d 859 (1980). Upon review of the submission and the award, we determine that the award answered the question of whether Morales was disciplined for just cause, and thus falls within the scope of the submission. Although the plaintiff has alleged to the contrary, it has not sustained its burden of proof on this issue. Therefore, we conclude that the arbitration panel did not exceed its powers nor did it imperfectly execute them within the meaning of § 52-418.

The judgment is affirmed.

In this opinion the other judges concurred.

